JAMES P. HANNER AND WIFE v. GEORGE R. SUMMERHILL ET AL.

No. 238.

**Executory Contract—Election to Claim Purchase Money—Former Appeal — Pleading — Parties — Executors. —** Appellants, as heirs, devisees. and legatees under the will of James Park, the vendor of the land, brought this suit against Horace Summerhill, the original vendee, and the appellees, as claimants under said Summerhill, and by their last amended petition offered to convey upon the payment of the purchase money, and prayed in the alternative for a judgment for the land, or for the unpaid purchase money and an enforcement of the lien thereon. Upon the first trial the appellants, plaintiffs below, in open court abandoned their claim for the purchase money and proceeded to judgment upon J. P. Hanner's claim to the property as land devised to him by the will of James Park. The case was appealed to the Supreme Court and the judgment reversed and remanded, after which no amended pleadings were filed by appellants. Upon the second trial in the District Court the judge

instructed the jury to return a verdict in favor of appellees, defendants below. *Held*, in this there was no error, because:

1. The claim for purchase money was eliminated from the case by the abandonment thereof, upon the first trial, by appellants, who proceeded to trial the second time upon their pleadings as they existed at the first trial after such abandonment; and the Supreme Court had decided that appellants could not recover the land, inasmuch as their testator, James Park, by bringing suit in Alabama against Horace Summerhill, the original vendee, on the purchase money note, elected to affirm the sale and recover the purchase money, and thereby abandoned any claim to or right to recover the land.

2. The Supreme Court on appeal also decided that appellants and the wife of James Park were the owners of the claim sued on, under the following provision of the will of James Park, to-wit: " I will all the money I have or may have at my death, or money arising to me, to be equally divided between my wife and Dr. J. P. Hanner's wife, my debts to be paid first," and suggested that they had a lien on the land which could be foreclosed by plaintiffs' amending and making Mrs. Park a party plaintiff to the suit. No amendment was made making Mrs. Park a party, and as she is a joint owner of the claim sued on, she was a necessary party plaintiff, and as she was not made such, a recovery can not be had by appellants.

3. Appellants can not recover by virtue of J. P. Hanner's executorship under the will, because he does not sue in that capacity, but appellants, plaintiffs below, sue as heirs, devisees, and legatees of James Park, deceased.

APPEAL from Bowie. Tried below before Hon. JOHN L. SHEPPARD.

*Todd & Hudgins*, for appellants.—The plaintiffs' pleadings showed a good cause of action for the enforcement of the vendor's lien by a decree subjecting the land and ordering sale of same to satisfy the amount shown to be due, and the evidence fully sustained the plaintiffs' pleadings. The pleadings and evidence of defendants showed no legal or equitable defense. All parties having or claiming any interest in the subject matter of the suit or in the land were before the court; and no administration was necessary on the estate of Horace Summerhill, a nonresident decedent, nor was it necessary that any personal judgment should be rendered. The court erred, therefore, in instructing the jury to find for defendants, and failing to order a verdict for plaintiffs, as plaintiffs were entitled to a decree subjecting the land and ordering sale thereof to pay the debt, notwithstanding the death of Horace Summerhill and discontinuance as to him. Solomon v. Skinner, 82 Texas, 345; Porterfield v. Taylor, 60 Texas, 264; Peters v. Clements, 52 Texas, 140; Peters v. Clements, 46 Texas, 114; Beck v. Tarrant, 61 Texas, 404; 1 Pome. Eq., sec. 114; Adams Eq., 312; Story Eq. Plead., 89, et seq.; Payne v. Hook, 7 Wall., 425; Buchanan v. Monroe, 22 Texas, 537; Howard v. Parks, 21 S. W. Rep., 269; Wiltsie on Mort. Fore., sec. 118.

Upon appellant's motion for rehearing, they submitted:

1. Election on former trial to sue for the land is no estoppel against enforcing lien on the same petition; praying in the alternative, after

judgment, for recovery of the land reversed and new trial granted. Summerhill v. Hanner, 72 Texas, 229.

2. There being no plea in abatement or other objection by defendant for want of parties, one co-owner is entitled to recover to the extent of her interest. May v. Slade, 24 Texas, 209; Lee v. Tanner, 71 Texas, 264; Railway v. Cusenberry, 86 Texas, 525; Freem. on Co-Ten. and Part., secs. 353, 356, 357.

3. As a bill in equity seeking purely equitable relief, defect of parties must be availed of by plea. Equity Rule No. 53, Sayles' Texas Plead.

*F. M. Henry* and *Henry & Henry*, for appellees.—The court did not err in instructing the jury to return a verdict for the defendants, as no other judgment could have been lawfully rendered as the case then stood, because the suit on the judgment had been dismissed and never been reinstated, and because there were no proper parties to authorize the court to proceed upon the judgment. When the court instructed the jury to return a verdict for the defendants, the plaintiffs were under no obligation to permit a verdict to go against them, but might take a nonsuit, with leave to set it aside. But having stood silent and allowed a verdict to go against them, they are concluded, and have no ground to complain of the action of the court. Lockett v. Railway, 78 Texas, 211; Watts v. Overstreet, 78 Texas, 571; Childs v. Mays, 73 Texas, 76.

RAINEY, Associate Justice. — The following facts are taken in the main from the brief of appellants:

"In the year 1858 James Park, of Williamson County, Tennessee, sold the land in question to appellees' grantor, Horace Summerhill, for the sum of $10,000, to be paid in three annual installments to fall due respectively in one, two, and three years after date. The vendor executed to Summerhill a deed, but expressly reserved in it a lien upon the land as a security for the payment of the purchase money, for which Summerhill at the same time executed three promissory notes. The grantee paid the two notes which first matured.

"In 1861 Park instituted suit against him on the third note, in the Circuit Court of Lauderdale County, Alabama, where he then resided, and in 1862 obtained a judgment thereon.

"In 1866 execution was issued on this judgment, when Summerhill filed a bill in equity asking that it be enjoined. A preliminary injunction was granted, after which, during the same year, Park died. The suit was revived in the name of his personal representative, and resulted in a decree in 1881 dissolving the injunction. This decree was affirmed on appeal in 1882.

"Park left a will with a codicil which was dated after the injunction issued. Besides certain special devises and bequests, the will contained

the following provisions:   ' I will all the money I have or may have at my death, or money arising to me, to be equally divided between my wife and Dr. J. P. Hanner's wife, my debts to be all paid first.   *   *   *   All other lands I may own and not disposed of by will, may be given to J. P. Hanner.'   Neither the land in controversy, the unpaid note, nor the judgment thereon are in any manner named or referred to in the testament.

"Appellants, James P. Hanner and wife, as heirs and devisees and legatees under the will of James Park, deceased, brought this suit in August, 1891, against Horace Summerhill and the appellees, as claimants under conveyances made by him (Summerhill), to recover the land in controversy.   The first petition contained the ordinary allegations of an ordinary action to try title.   An amended petition was filed in 1885, pleading specially the facts, offering to convey the land upon payment of the balance of the purchase money, and praying in default thereof a recovery of the land.   A third amended petition in 1886, which also pleaded specially as in the first amended petition, offered to convey upon payment of the purchase money, and prayed in the alternative for a judgment for the land or for the unpaid purchase money, and the enforcement of a lien thereon.

" Upon the trial, the plaintiffs in open court abandoned their claim for the purchase money and proceeded to judgment upon J. P. Hanner's claim to the property as land devised to him by the will of James Park. Summerhill, the original grantee, died after the suit was instituted, and it was dismissed as to him in the court below."

The cause was appealed to the Supreme Court and the judgment reversed and remanded; after which no amended pleadings were filed by appellants, and upon trial judgment was rendered against them.

*Conclusions of Law.*—On the trial in the District Court the judge instructed the jury to return a verdict for the defendants.   Appellants complain of this charge, and insist that under the facts and the law they were entitled to have a foreclosure of the vendor's lien upon the land, and have it subjected to the payment of the unpaid purchase money.

Appellees insist, that appellants having abandoned their claim for the purchase money on a former trial, and having failed to amend, they were in no attitude to recover.   This position of appellees we think correct.

When appellants on the first trial, as stated in their brief, " abandoned their claim for the purchase money and proceeded to judgment upon Hanner's claim to the property as land devised to him by the will of James Park," it had the effect of eliminating from the case their plea in the alternative for a foreclosure of their lien for the purchase money, and their plea only constituted a claim for the recovery of the land.

When this cause was first tried, plaintiffs having abandoned their claim for the purchase money, recovered judgment for the land.   On appeal,

however, the judgment was reversed, mainly on the ground that plaintiffs' testator, James Park, by bringing suit in Alabama against Summerhill on the note, had elected to confirm the sale and recover the purchase money, thereby abandoning any claim to or right to recover the land. When the case was returned to the District Court, plaintiffs failed to amend, and proceeded to trial upon their pleadings as they existed at the former trial, after the abandonment of their claim for the purchase money.

As the allegations of plaintiffs' petition, after the abandonment of their claim for the purchase money, only constituted a claim for the land, and the Supreme Court having decided that they could not recover the land, there was nothing upon which a verdict for plaintiffs could be based, and it was the duty of the trial court to direct a verdict for the defendants.

The Supreme Court, on appeal also decided that appellants and the wife of James Park were the owners of the claim sued on, under the following provision of the will of James Park, to-wit, " I will all the money I have or may have at my death, or money arising to me, to be equally divided between my wife and Doctor J. P. Hanner's wife, my debts to be all paid first," and suggested that they had a lien on the land which could be foreclosed by plaintiff amending and making Mrs. Park a party plaintiff to the suit. No amendment was made making Mrs. Park a party, and as she is a joint owner of the claim sued on, we are of opinion that she was a necessary party plaintiff, and she not being made such, a recovery can not be had by appellants. Summerhill v. Hanner, 72 Texas, 226.

The evidence shows that plaintiff J. P. Hanner was nominated executor of said will, and qualified as such, but he does not sue in that capacity, but plaintiffs sue as heirs, devisees, and legatees of the said James Park, deceased; the allegation of their petition being (after alleging that they were the heirs, devisees, and legatees), " that said James Park died in Williamson County in the State of Tennessee, on the —— day of ———, 1866, leaving a will; that said will was duly admitted to probate in the State of Tennessee, and was also duly and legally probated in the State of Texas; that plaintiffs herein claim their right of recovery in this suit by, through, and under said will of said James Park, deceased." Such being the allegations of the petition, plaintiffs can not recover by virtue of J. P. Hanner's executorship under the will. A recovery being asked on the ground of being heirs, devisees, and legatees, none could be had without Mrs. Park being made a party; consequently there was no error in the court's instructing the jury to return a verdict for defendants. Therefore the judgment of the court below is affirmed.

*Affirmed.*

Delivered March 28, 1894.

Motion for rehearing overruled April 18, 1894.

Writ of error refused by the Supreme Court May 21, 1894.