## McKAY v. PETERSON.  (No. 1622.)

(Court of Civil Appeals of Texas. Amarillo. March 3, 1920.)

1. Mines and minerals ☞59—Defect of parties plaintiff in action by alleged assignee of oil lease to cancel.

In an action to cancel an oil lease on land alleged to have been sold to plaintiff by the lessor, in the absence of evidence showing a transfer of some interest in the land or the leased premises to plaintiff, there was clearly a defect of parties plaintiff.

2. Appeal and error ☞187(1)—Defect of parties may be urged for first time on appeal.

A defect of parties plaintiff may always be taken advantage of, even for the first time in the appellate court.

Appeal from District Court, Clay County; Wm. N. Bonner, Judge.

Suit by S. R. Peterson against L. McKay. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Wood & Wood, of Dallas, and Stine & Stine, of Henrietta, for appellant.

Taylor, Allen & Taylor, Wantland & Dick-

ey, and L. W. Parrish, all of Henrietta, for appellee.

HALL, J. Appellee instituted this suit in the district court of Clay county, to cancel an oil lease executed by J. W. Fulgham to L. McKay as lessee. He alleges that since the execution of the lease he purchased the land described from Fulgham, and the trial court so found. The statement of facts contains only a copy of the lease and the following:

"It is agreed that prior to the 19th day of March, 1919, the defendant, L. McKay, transmitted to the W. B. Worsham Bank at Henrietta, Texas, the amount of the rental provided for in said contract, to be paid at the end of 12 months, and that said sum was received by said bank, but not placed to the credit of said lessor named in the lease involved in said action, or to the plaintiff herein, for the reason that said bank had been instructed prior to the receipt of said money not to accept same or place it to his credit."

The statement of facts is not agreed to or signed by counsel for either party, notwithstanding the certificate of the district judge, who signed it, to the contrary.

[1, 2] Appellant raised the question that Fulgham is a necessary party to the suit. In the absence of some evidence showing a transfer of some interest in the land or the leased premises to appellee, there is clearly a defect of parties plaintiff, which may always be taken advantage of even for the first time in the appellate court. Hanner v. Summerhill, 7 Tex. Civ. App. 235, 26 S. W. 906.

For the reasons stated, the judgment is reversed, and the cause remanded.