## NAIL v. TAYLOR.  (No. 9493.)

(Court of Civil Appeals of Texas. Ft. Worth. July 2, 1920.)

**1. Execution ⊕172(3) — Judgment creditor necessary party in suit to restrain levy.**

The judgment creditor, as the one having the real interest in the subject-matter, is a necessary party to suit to enjoin a constable from levying execution, on the ground of the judgment being void.

**2. Parties ⊕29—One to be directly affected necessary party.**

Every person to be directly affected by the judgment sought is a necessary party to the suit.

**3. Appeal and error ⊕187(3)—Defect of party not pleaded available on appeal.**

Nonjoinder of a necessary party, though not pleaded, is available on appeal.

Appeal from District Court, Wichita County; H. F. Weldon, Judge.

Action by Mack Taylor against J. B. Nail. From an adverse order, defendant appeals. Reversed.

Bonner & Bonner, of Wichita Falls, for appellant.

Martin & Jones, of Wichita Falls, for appellee.

CONNER, C. J. This appeal is from an order of Hon. H. F. Weldon, judge of the Thirtieth judicial district in chambers, granting a writ of injunction in accordance with the prayer of the following petition, to wit:

"The State of Texas, County of Wichita.

"In the 30th District Court, Wichita County, Texas. To the Honorable H. F. Weldon, Judge of Said Court: Now comes your petitioner, Mack Taylor, who resides in Wichita county, Tex., the plaintiff, complaining of J. B. Nail, constable of precinct No. 1, Wichita county, Tex., and who resides in Wichita county, Tex., and respectfully represents:

"That heretofore, to wit, on November 27, 1919, in a certain cause pending in the justice court, precinct No. 1, Wichita county, Tex., same being No. 6798, style M. L. Wood v. Mack Taylor, Garnishee, and said judgment was rendered in said cause for the sum of $253.18; that whereas, in a certain cause pending in the justice court, M. L. Wood recovered a judgment against Don W. Bembow for the sum of $196.83 same being No. 5855, the said J. B. Nail is now attempting to levy a writ of execution against the plaintiff to collect said sum of $253.00 and that said execution on and judgment rendered by the justice court of Wichita county, Tex., is void and of no force and effect for the reason that, at the time said writ was prayed for and issued, the said judgment in the case of M. L. Wood v. Don W. Bembow as aforesaid was a dormant judgment, and that no execution had been issued upon same within a year after its rendition.

"For the reason that the judgment rendered by the justice of the peace, Wichita county, in the case of M. L. Wood v. Mack Taylor, garnishee, is in excess of the amount fixed as the jurisdiction of the justice court $200, and for the further reason that said judgment is in excess of the original judgment rendered in the case of M. L. Wood v. Don W. Bembow as aforesaid.

"That unless the said J. B. Nail, constable precinct No. 1, Wichita county, is restrained from levying said writ of execution upon the property of your petitioner he will do so, and that your petitioner has no adequate remedy at law, and wherefore he prays the court to grant him this most gracious writ of temporary injunction.

"Wherefore, premises considered, your petitioner prays that the defendant, J. B. Nail, be cited to answer herein and show cause why said temporary injunction so prayed for herein should not be made permanent, and for such other and further reason your petitioner may show himself entitled."

[1-3] Aside from the insufficiency of the petition in particulars, which is apparent and which need not be discussed, we think the order of the court granting the writ must be set aside and the writ vacated for want of proper parties to the proceeding. It is evident that if the constable has an interest in the subject-matter of the suit entitling him to complain, his interest is, nevertheless, but a nominal one, embracing, at most, his fees and costs. The real interest in the subject-matter is to be found in the plaintiff in the execution, and he has not been made a party. Nothing is better settled in our law than that all persons interested in the object of the suit should be made parties, and courts of equity are particularly insistent on observance of this rule. Every person to be directly affected by the judgment is not only a proper, but a necessary, party. See Summerlin v. Reeves, 29 Tex. 88; Murphy v. Coffey, 33 Tex. 508; Ryburn v. Getzendaner, 1 Posey Unrep. Cas. 352; McKay v. Peterson, 220 S. W. 178; McKay v. Phillips, 220 S. W. 176; Allen v. Carpenter, 182 S. W. 430; Hanner v. Summerhill, 7 Tex. Civ. App. 235, 26 S. W. 906. In the latter case, as also in one or more of the other cases, it is expressly held that a defect of the character under consideration was available on appeal, even though the nonjoinder of the necessary party had not been pleaded. And in the case of Allen v. Carpenter, supra, it was expressly held by this court that in a suit to restrain a constable from selling property under execution to satisfy a judgment, the judgment creditor was a necessary party.

It is accordingly ordered on the authority of the cases cited that the order granting the temporary writ of injunction be set aside, that said writ be vacated, and the proceeding dismissed, unless plaintiff below shall amend.