**BARMORE v. DARRAGH et al.  (No. 6490.)**

(Court of Civil Appeals of Texas. San Antonio. Jan. 26, 1921.)

**I. Husband and wife ⬦⬦210(1)—When wife may sue alone stated.**

By the terms of Rev. St. arts. 1839, 4621, the husband is empowered to sue alone or jointly with his wife for the recovery of any separate property of the wife, and the wife may prosecute such suit in her own name by authority of the court when the husband fails or neglects so to do, and when the wife is abandoned by the husband or he refuses to sue she may prosecute suit in her own name for the protection of rights of person or property; but, in order to enable the wife to sue alone, she must not only allege failure or neglect on the part of her husband to join her in the suit, but also that the property is her separate estate.

**2. Appeal and error ⬦⬦1106(3)—No judgment in absence of necessary parties.**

Where the record brings to the notice of an appellate court that necessary parties have been omitted from the suit, it will refuse to render a judgment, which would not be binding upon the parties and would render the action nugatory and vain.

**3. Appeal and error ⬦⬦187(3)—Omission of necessary parties fundamental error.**

The failure to make the necessary parties to the suit is fundamental error, and must be considered by the appellate court if discovered by it.

**4. Parties ⬦⬦32—Who are "necessary" or "indispensable parties."**

Necessary or indispensable parties include all persons whose interests will necessarily be affected by any decree that may be rendered.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Indispensable Party; Necessary Party.]

**5. Parties ⬦⬦75(2)—Courts should not render judgment, where it is apparent all parties are not before it.**

No court should render a judgment or a decree, where it is apparent that all parties are not before it, and should itself raise the objection and refuse to proceed to judgment.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Suit by John Greenleaf Darragh and another against John Darragh Barmore. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

J. Ed. Wilkins, of San Antonio, for appellant.

Cobbs, Blankenbecker & Wiggin, of San Antonio, for appellees.

FLY, C. J. This suit was instituted by John Greenleaf Darragh and Mabel Darragh Jenkins against John Darragh Barmore, the minor son of Mrs. Jenkins by a former marriage, to obtain the construction of a will executed by Annie Pendleton S. Darragh, the mother of appellees and grandmother of appellant. The trial court construed the will as vesting in appellees, share and share alike, fee-simple title to all the real property belonging to the estate of the testatrix.

The testatrix, a widow, died on December 15, 1918, and her will was probated on January 8, 1919. Appellees were her only children, and appellant her only grandchild. He is the son of Mrs. Jenkins by a former marriage. The petition alleges that Mrs. Jenkins is now married to Col. John L. Jenkins of the United States army. There is no allegation that the husband refused to join the wife in the suit.

[1] By the terms of article 1839, Revised Statutes of Texas, the husband is empowered to sue alone or jointly with his wife for the recovery of any separate property of the wife, and it is provided that the wife may prosecute such suit, in her own name, by authority of the court, when the husband fails or neglects so to do. It has been held in numerous instances that when the wife is abandoned by the husband, or he refuses to sue, she may prosecute or defend suits, in her own name, for the protection of rights of person or property. Ezell v. Dodson, 60 Tex. 331; Slator v. Neal, 64 Tex. 222; Norton v. Davis, 83 Tex. 32, 18 S. W. 430; Hugo v. Seffel, 92 Tex. 414, 49 S. W. 369.

In order to enable the wife to sue alone, by virtue of the provisions of the cited statute, she must not only allege failure or neglect on the part of her husband to join her in the suit, but also that the property is her separate estate. Schwulst v. Neely, 50 S. W. 608.

It is clearly the law of Texas, as provided in the cited statute, that the husband is a necessary party to a suit brought by the wife, except when it is alleged and proved that he fails or neglects to institute the suit or join her, unless the same has been repealed by the laws of 1913 and 1917, as embodied in article 4621, and authority granted to the married woman to sue alone for her separate estate, without showing that the husband would not join her. Article 4621, as amended in 1913 (Laws 1913, c. 32) and 1917 (Laws 1917, c. 194), gives the wife the sole management, control, and disposition of her separate property, both real and personal, but it fails to give her the authority to institute suits, and fails to repeal article 1839, which is still the law of Texas. This position is sustained by an opinion of the Court of Civil Appeals of the First District, rendered through Chief Justice Pleasants, in which it is held:

"Article 1839 of our statutes (Vernon's Sayles' Civil Statutes) expressly authorizes the husband to sue alone or jointly with his wife for the recovery of her separate property, and we do not think that this article was repealed or in any way affected by the Act 35th Leg. c. 194, which provides that during marriage the wife shall have the sole management, disposition, and control of her separate property. Article 4621, Supplement Vernon's Sayles' Civil Statute." Pullman Co. v. Cox, 220 S. W. 599.

Article 1839 gives the married woman the only authority she has for suing for her separate property, and that authority is only given when she shows that her husband fails or neglects to sue, and obtains permission from the court to prosecute the suit in her own name. It has been held by the Court of Civil Appeals of the Second District through Judge Speer, that article 4621 as amended did not repeal article 1841, which requires that the husband and wife shall be jointly sued for all separate debts and demands against the wife. Tannehill v. Tannehill, 171 S. W. 1050. In other words, according to the two decisions, the amended statute does not enlarge the power of the wife as to instituting suit, or make her liable to suits alone for her debts.

In his excellent work on Marital Rights in Texas, § 441, Judge Speer discusses the effect of the amendment of 1913, on the married woman's right to sue for her separate property, and says:

"It is true the act gives her the sole control of her separate property. But the statute permitting the husband to sue for the recovery of such property is not expressly repealed, nor will it be held to be repealed by implication, unless such is the necessary effect of the amendment. It probably is not. The right to control and dispose of is therefore given subject to the provision the husband may sue for the recovery of such property from another if he will."

See, also, Telephone Co. v. Burge, 192 S. W. 807.

[2] By the failure, unexplained, to join the husband of Mrs. Jenkins in the suit, she was not a party to the suit, because she had no authority to institute it; and, where the record brings to the notice of an appellate court that necessary parties have been omitted from the suit, it will refuse to render a judgment. It would not be binding upon the parties, and would render the action nugatory and vain.

[3] The failure to make the necessary parties to the suit is fundamental error, and must be considered by an appellate court if discovered by it. The error in this case is apparent from the petition of appellees, which alleged the marriage state of Mrs. Jenkins, and yet failed to account for nonjoinder of the husband. Hanner v. Summerhill, 7 Tex. Civ. App. 235, 26 S. W. 906; Railway v. Oliver, 159 S. W. 853; Needham v. Cooney, 173 S. W. 979.

[4, 5] Necessary or indispensable parties include all persons whose interests will necessarily be affected by any decree that may be rendered. Summerlin v. Reeves, 29 Tex. 88; Cook v. Pollard, 70 Tex. 723, 8 S. W. 512. And no court should render a judgment or decree when it is apparent that all parties are not before it. Under such circumstances the court will itself raise the objection and refuse to proceed to judgment. Ship Co. v. Bruly, 45 Tex. 6; Railway v. Culberson, 68 Tex. 664, 5 S. W. 820; Ebell v. Bursinger, 70 Tex. 120, 8 S. W. 77.

The judgment is reversed and the cause remanded.

COBBS, J., entered his disqualification, and did not sit in this case.