## LAWN PRODUCTION CO. v. BAILEY.
### (No. 1364.)

(Court of Civil Appeals of Texas. El Paso. Oct. 12, 1922.)

**1. Appeal and error ⬷187(3)—Want of necessary parties may be raised for first time on appeal.**

Want of necessary parties may be raised for the first time on appeal.

**2. Partnership ⬷197—Partnership must be sued in names of its members.**

A partnership must sue and be sued in the names of its members.

**3. Partnership ⬷219(4)—Court without jurisdiction to render judgment against partnership property of members not parties to suit.**

Where plaintiff, in an action against a partnership, alleged that the firm was composed of certain named members and others not known to him, all the members of the partnership were not parties; hence the court had no

---

jurisdiction to render judgment for foreclosure of lien on the partnership property of those not parties to the suit.

4. Partnership ⚫⇒206—Dismissal as to one partner leaves case as if he was never a party.

Where the court, in an action against a partnership, dismissed as to one partner, it left the case as if the partner had not been made a party to the suit at all.

Error from District Court, Taylor County; W. R. Ely, Judge.

Suit by Lem Bailey against the Lawn Production Company Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Cunningham & Oliver and T. A. Bledsoe, all of Abilene, for plaintiff in error

Ben L. Cox, of Abilene, for defendant in error.

HARPER, C. J. This suit was instituted by Lem Bailey against the Lawn Production Company for $705.85 and foreclosure of lien, alleging:

"That defendant is a firm or trust association composed of John Kegans, E. L. Grant, R. F. Cannon, Dick Hart and other persons whose names are unknown to plaintiff." "That defendant employed plaintiff to do certain work and labor on a rig situated on its premises, lot No. 1, block No. 2, D. L. Burford, survey No. 468, in Taylor and Runnels counties. That he labored on said lot from the 28th day of September to the 28th day of December, 1921, on an agreed salary, and at agreed wages, being employed as a driller in said construction work, and that at the termination of said work defendant owed him $1,000, of which sum $294.15 had been paid." That the individuals above named are in part the owners of the said Lawn Production Company, and that they are interested in its developments, and that they personally agreed to pay plaintiff the indebtedness sued on, etc. "That by virtue of the character of work he has a lien upon the rig erected."

The prayer is for judgment against the Lawn Production Company, and said Kegans, Grant, Cannon, and Hart individually for the sum of $705.85 and foreclosure of his lien. Grant, Cannon, and Hart answered by general demurrer, general denial specially denied under oath that defendant is a firm or trust association composed of them and other persons, and specially denied that plaintiff was employed by the Lawn Production Company, or any of them, to do the work alleged, and set up prior liens in favor of themselves and others on the property, etc. No answer for the firm or trust association, unless the above be an answer for it. No answer for Kegans. The return on the citation

shows it to have been served on E. L. Grant, Dick Hart and R. F. Cannon, only. Tried by the court without jury. The judgment entered contains dismissal as to Kegans and judgment for plaintiff against "Lawn Production Company, an unincorporated firm composed of E. L. Grant, R. F. Cannon, R. A. Hart, Jno. Kegans and other parties," for the amount sued for and foreclosure of lien. No personal judgment against any person named as defendant. There are no findings of fact nor statement of facts in the record except the above-noted finding in the judgment. The cause is now before this court upon writ of error for review.

The assignments of error presented by brief are not the same as the motion for new trial, so are urged as fundamental, and appellee suggests that no fundamental proposition is presented, and that for that reason such assignments cannot be considered.

[1] Want of necessary parties may be raised for the first time upon appeal. Dawson v. George (Tex. Civ. App.) 193 S. W. 495; Barlow v. Linss (Tex. Civ. App.) 180 S. W. 652.

The assignment is:

"The court erred in rendering judgment against the defendant Lawn Production Company, as an unincorporated firm, 'composed of E. L. Grant, R. F. Cannon, R. A. Hart, John Kegans and other parties,' for a sum of money and the foreclosure of a lien on personal property to satisfy the same, when it is shown by the pleadings and the recitals in the judgment that said Lawn Production Company was liable (if at all) as a partnership, and that there were members of said unincorporated firm who had not been made parties to the suit, and there were no allegations in plaintiff's petition to excuse the failure to make them parties or to show that they were not necessary parties."

[2] The rule is that copartnerships must sue and be sued by their members.

[3] The plaintiff alleged and the court in its judgment found as a fact that the Lawn Production Company is an unincorporated firm, composed of E. L. Grant, R. F. Cannon, B. A. Hart, John Kegans, and others. Thus it affirmatively appears that all of the members of the copartnership are not parties to this action; therefore the court had no jurisdiction to render judgment for foreclosure of lien on the copartnership property of those not parties to the suit. Frank v. Tatum, 87 Tex. 204, 25 S. W. 409.

[4] The court by its judgment has found as a fact that Kegans was a partner, and for some reason dismissed as to him, thus leaving the case as if he had not been made a party at all. McManus et al. v. Cash & Luckel, 101 Tex. 261, 108 S. W. 800.

The cause therefore must be reversed and remanded; and it is so ordered.

---

⚫⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes