## COLLINS et al. v. HERD.    (No. 519.)

Court of Civil Appeals of Texas. Waco. April 14, 1927.

Rehearing Denied May 19, 1927.

1. Pleading ⬅111—Filing uncontroverted plea of privilege by one defendant did not deprive court of jurisdiction to dismiss cause as to him.

Filing by one of defendants of plea of privilege which was uncontroverted, though depriving court of jurisdiction of such defendant's person, did not prevent court from dismissing cause as to him.

2. Dismissal and nonsuit ⬅24—Court may dismiss action as to particular defendant without having jurisdiction over his person.

Court need not have jurisdiction of person of particular defendant in order to dismiss action as to him.

3. Pleading ⬅111—Defendant's uncontroverted plea of privilege did not of itself deprive court of jurisdiction to determine issues against remaining defendants after dismissal as to defendant filing plea.

Uncontroverted plea of privilege filed by one of defendants did not of itself deprive court of jurisdiction to enter judgment against remaining defendants after dismissal as to defendant filing plea.

4. Judgment ⬅707—Defendant as to whom cause is dismissed is not bound by subsequent orders and judgment therein.

Judgment and orders of court entered after dismissal as to one of defendants are not binding on such defendant.

5. Dismissal and nonsuit ⬅42—Where suit for recovery of money was dismissed as to only defendant claiming adverse interest, court was deprived of jurisdiction to determine issue, such defendant being necessary party.

Court had no jurisdiction to adjudicate issue of right to money in possession of some of defendants, who disclaimed it, after suit had been dismissed as to codefendant asserting claim thereto, as codefendant was necessary and indispensable party.

6. Action ⬅45(1)—Policy of law is to prevent multiplicity of suits.

Policy of law is to prevent multiplicity of suits and to end controversy once and for all in single action.

7. Parties ⬅6(1)—Persons interested in subject-matter of suit, whose rights may be affected, are "necessary parties."

Parties interested in subject-matter of litigation and whose rights may reasonably be affected by any decree that may be rendered are necessary parties thereto.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Necessary Parties.]

8. Appeal and error ⬅187(3)—Want of necessary parties, being fundamental, will be considered on appeal.

Want of necessary parties is fundamental and will be noticed as such by appellate court.

9. Parties ⬅75(2)—Court should of its own motion raise objection and refuse to enter judgment, where it appears that all persons interested are not parties.

Where it appears that all parties interested in subject-matter of suit are not before court, court is under duty to raise objection on its own motion and refuse to proceed to judgment.

10. Trial ⬅1—Trial court should see that issue is involved between parties before trying case.

Trial court is required to see that issue is involved between parties to litigation before proceeding to try case.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by Mrs. M. F. Herd against Walter Collins, Pat M. Neff, and others, in which defendant last named filed a plea of privilege. Judgment for plaintiff after dismissal as to defendant last named, and orders refusing to set aside the dismissal order and denying a new trial, and the last-named defendant appeals. Reversed and remanded.

Jos. W. Hale, of Waco, for appellant.

Frazier & Averitte, of Hillsboro, for appellee.

STANFORD, J. This suit was filed October 16, 1926, in the district court of Hill county, by appellee against Collins, Dupree & Crenshaw, alleged to be residents of Hill county, Tex., and Pat M. Neff, alleged to reside in McLennan county, Tex. For cause of action appellee alleged, in substance, that the said Collins, Dupree & Crenshaw had in their possession the sum of $3,966.56 which belonged to and was the property of appellee, but that said Collins, Dupree & Crenshaw were refusing to deliver said money to her on account of a claim to an interest in same asserted by the said Pat M. Neff. Appellee prayed for judgment against the claim of the defendant Neff, decreeing that he had no

interest in said fund, and for an order directing the said Collins, Dupree & Crenshaw to pay same to her, and for general and special relief.

Collins, Dupree & Crenshaw answered by general denial, but admitted they did hold in their possession the sum of $3,966.64 which belonged to plaintiff, Mrs. Herd, or her attorney, Pat M. Neff; that they had no interest in same; and that they there and then tendered into court said sum of money, same being placed in the hands of W. W. DeShazo, district clerk of Hill county, Tex., the same to await the orders and judgment of the court as to the ownership of same, and prayed that they be permitted to go hence without day and recover their costs, and that the court in its final judgment release said defendants from any liability to plaintiff or to the defendant Neff, and that said plaintiff and defendant Neff be required to execute a proper release to said defendants by reason of the payment of said sum of money above referred to.

The cause was returnable to the November term of court, which was November 2, 1926, and on October 30, 1926, the defendant Neff filed his plea of privilege, which was in due form, to be sued in McLennan county, the county of his residence. On the call of the case on the appearance docket on November 3, 1926, it was made known to the court that defendant Neff had filed a plea of privilege to be sued in McLennan county, whereupon one of the attorneys for appellee, Mrs. Herd, expressed an intention to controvert said plea, and the court entered on his appearance docket, "passed for orders." No controverting affidavit was ever filed. On November 6, 1926, on motion of appellee, Mrs. Herd, therefor, the court dismissed the defendant Neff as a party to said suit. On November 8, 1926, the case was called and tried, and the court entered his judgment decreeing that the sum of $3,966.64 held by the defendants Collins, Dupree & Crenshaw "is the money and property of the plaintiff, Mrs. M. F. Herd," and directing the clerk of the court to pay over said sum of money to the plaintiff, Mrs. Herd, which was paid over to her on the same day. On November 10, 1926, the defendant Neff presented his plea of privilege and same was overruled by the court, and on the same day the defendant Neff filed his motion to set aside the order of the court dismissing him from the suit as a party defendant, and on the same day, November 10, 1926, the defendant Neff filed his motion for a new trial. On December 13, 1926, the court, after hearing all the evidence introduced in support of and in opposition to the motion to set aside the order dismissing defendant Neff from the suit, overruled same, to which the defendant excepted, and the court on the same day overruled the motion of the defendant Neff for a new trial, to which action the defendant Neff duly excepted and gave notice of appeal. The defendant Neff alone has appealed and as sole appellant presents the record here for review, and will hereafter be referred to as appellant.

[1-3] Under several propositions appellant contends the filing of a plea of privilege in due time sufficient on its face by appellant deprived the court of jurisdiction to enter any other judgment than one transferring the case, as no controverting affidavit was filed as provided by statute, and therefore the trial court was without jurisdiction to enter the order dismissing said cause as to defendant Neff, and the trial court was without jurisdiction to render judgment for plaintiff, and the court was without jurisdiction to order the clerk to pay the money in question to Mrs. Herd, and all such orders by the trial court were null and void. The record discloses that on November 6, 1926, appellee filed a motion making known to the court that she did not longer desire to prosecute this suit as to appellant Neff, but wished to dismiss as to him as a party defendant herein and further prosecute this suit only against the other defendants herein. This motion was on the same day granted, and defendant Neff dismissed from said suit as a party defendant and plaintiff permitted to further prosecute this suit against the other defendants, etc. At the time this order of dismissal was entered, appellant Neff had filed no answer or any pleading of any kind except his plea of privilege, which had not been and was never controverted.

[4] In a very recent decision by the Commission of Appeals, Section B, approved by the Supreme Court, not yet officially reported, in the case of H. H. Watson v. Cobb Grain Co. et al., it is held that where a plea of privilege has not even been controverted and on the hearing of said uncontroverted plea plaintiff has the right at any time before the trial court announces his decision on such plea, to take a nonsuit, which is the same as dismissing his suit as to all the defendants; and if he has the right to dismiss as to all the defendants, it necessarily follows he has the right to dismiss as to a part of them and to proceed with the case as to the others, in so far as the plea of privilege may affect the question. Jurisdiction is of two kinds, jurisdiction of the subject-matter of the suit and jurisdiction of the person of the defendant. There can be no contention in this case that the court did not have jurisdiction of the subject-matter of the suit, or that the court ever lost such jurisdiction. When citation was served on defendant Neff, the court acquired jurisdiction of his person, and the effect of the plea of privilege filed by him was to deprive the court of jurisdiction of his person, in the absence of a controverting affidavit and a hearing on the issues thus made,

and·deprived the court of jurisdiction to enter any judgment or decree binding upon him, but did not deprive the court of jurisdiction to dismiss said cause as to said defendant. It is not necessary for a court to have jurisdiction of the person of a defendant in order to dismiss as to such defendant. Neither do we think the judgment and orders entered after the case was dismissed as to appellant were void, as contended by appellant, upon the ground that the pendency of an un-controverted plea of privilege deprived the court of jurisdiction to enter any order except one transferring said cause, but were void upon other grounds hereafter discussed. Said judgment and orders are binding, if upon any one, only as between the remaining parties to said suit and do not purport to be binding upon appellant. On the authority of the case cited above, we overrule all assignments and propositions raising the questions here discussed.

[5] Under other assignments and propositions appellant contends that he had an interest in the subject-matter of this suit and was a necessary party, and it was therefore error for the trial court to dismiss him as a party litigant herein. Appellee, plaintiff below, in her petition on which the case was tried, alleged, in substance, that the defendants Collins, Dupree & Crenshaw held in their possession the sum of $3,966.56, and that said defendants had failed and refused to pay same to her only on account of the fact the defendant Neff claimed some interest therein. Appellee prayed that all defendants be cited to appear and that upon final trial she have judgment against the claim of the defendant Neff and decreeing that he has no right, title, or interest in any portion of said sum of money, and ordering, directing and commanding the defendants Collins, Dupree & Crenshaw to pay the whole thereof in the net sum of $3,966.56 to her. The defendants Collins, Dupree & Crenshaw filed their answer and admitted in such answer that they had in their possession $3,966.56 which belonged to appellee, plaintiff below, or her attorney of record, Pat M. Neff, and said defendants disclaimed any interest in said money and alleged they were in the nature of stakeholders and that they were ready to turn said money over to the rightful owner or owners thereof, and prayed that upon tendering such money into court, they be relieved of any further liability either to the plaintiff, appellee, or the defendant Neff. The above was the state of the pleadings at the time the order dismissing appellant Neff from the suit was entered. On the hearing of a motion to set aside the order of dismissal and for new trial, evidence was heard and was ample to show that appellant was the owner of a one-third interest in said $3,966.-56. The evidence was also sufficient to show that appellee was insolvent. The pleadings on file at the time the order dismissing appellant Neff from the suit was entered showed conclusively that there was no issue as between the defendants Collins, Dupree & Crenshaw and plaintiff, Mrs. Herd, and that the only issue in the case was between the plaintiff, Mrs. Herd, and defendant Neff, and this issue was whether appellant Neff owned an interest in said fund, and, if so, the amount of such interest. When the appellant Neff was dismissed from said suit there was no issue left and nothing to be tried. The record here showing that appellant was interested in the $3,966.56, the subject-matter of this suit, he was a necessary and indispensable party, and without him the trial court had no jurisdiction to adjudicate the only issue involved.

[6-9] It is true appellant Neff had filed no pleadings to the merits of the case, but the time had not come when he was called upon to answer to the merits; moreover, the pleadings of both of the other parties were ample to apprise the court and all parties connected with said suit that appellant was asserting an interest in the subject-matter of the litigation. It is true that one who is not a party to a proceeding is not technically bound by the judgment rendered, even though it directly concerns his interest, and the courts are open to him to bring a suit on his own behalf to enforce his rights; but the policy of the law is to prevent a multiplicity of suits and to once and for all in one suit end a controversy, and to effectuate this purpose the rule prevails without exception and is elementary that all parties interested in the subject-matter, and whose rights are involved, must be brought before the court, McDonald v. Simons (Tex. Com. App.) 280 S. W. 572; League v. Scott (Tex. Civ. App.) 156 S. W. 1129; Collin County, etc., v. Stiff et al. (Tex. Civ. App.) 190 S. W. 216; Nail v. Taylor (Tex. Civ. App.) 223 S. W. 719; Cullum et al. v. Lub-Tex Motor Co. (Tex. Civ. App.) 267 S. W. 322. Want of necessary parties is fundamental and will be noticed by the appellate court as such. Without appellant Neff before the court in this case, the court had no jurisdiction of the only controversy involved. Hanner v. Summerhill, 7 Tex. Civ. App. 235, 26 S. W. 906; McKay v. Peterson (Tex. Civ. App.) 220 S. W. 178; C., R. I. & G. Ry. Co. v. Oliver (Tex. Civ. App.) 159 S. W. 853; Barmore v. Darragh (Tex. Civ. App.) 227 S. W. 522; Lawn Production Co. v. Bailey (Tex. Civ. App.) 244 S. W. 283. Necessary or indispensable parties include all persons whose interest will reasonably be affected by any decree that may be rendered. Summerlin v. Reeves, 29 Tex. 88; Cook v. Pollard, 70 Tex. 723, 8 S. W. 512. A court should never render a judgment when it is apparent, as appeared from the pleadings in this case, that all parties interested in the subject-matter of the suit were not before the

court. Under such circumstances it was the duty of the court itself to raise the objection and refuse to proceed to judgment. Ship Co. v. Bruly, 45 Tex. 6; Railway v. Culberson, 68 Tex. 664, 5 S. W. 820; Ebell v. Bursinger, 70 Tex. 120, 8 S. W. 77.

If appellee had alleged in her petition that Collins, Dupree & Crenshaw had in their possession $3,966.56 which belonged to her and the only reason they refused to turn same over to her was because Pat M. Neff was claiming an interest in same, and had prayed for judgment against said Collins, Dupree & Crenshaw and for an order requiring them to turn said money over to her, and Collins, Dupree & Crenshaw had answered, admitting plaintiff's allegations to be true, alleging they were only stakeholders and the only reason they had not paid same over to plaintiff was that Mr. Neff was claiming an interest in said money, would there have been any doubt that her petition would have been subject to general demurrer and wholly insufficient as a basis for any valid judgment? On the trial of this case two days after appellee dismissed her cause of action as against appellant Neff, the above was the substance of the pleadings and issues, or rather lack of issues, then before the court.

[10] The law requires that all parties interested in the subject-matter of a suit, or whose rights may be affected by a judgment to be therein rendered, must be made parties. This case is a good example of the importance of said rule of law. The $3,966.56 was in the possession of Collins, Dupree & Crenshaw in the capacity of trustees or stakeholders for the owner or owners of said fund. Appellee, Mrs. Herd, was claiming to be the owner of the entire fund, appellant Neff was claiming to be the owner of a one-third interest in said fund. Said trustees or stakeholders refused to turn it over to either until it was determined to whom it belonged. To determine this question appellee brought this suit, making defendant Neff a party and praying for judgment decreeing that appellant Neff had no interest in said fund. But two days before the case was tried, without the knowledge of appellant, she dismissed said cause as to him, and, without his knowledge, proceeded to go through the form of a trial and obtained a judgment that did not purport to affect or in any way determine appellant's rights or interest in said fund—did not determine the only issue involved and the only issue for the determination of which said suit was brought. In fact, said judgment settled nothing, yet by means of said judgment and order of the court entered in pursuance thereof, appellee obtained possession of said fund, and the evidence on motion for rehearing showed she was insolvent. The court was in error in dismissing appellant Neff from the case under the state of the pleadings,

and afterward trying said cause without him before the court. The court should have refused to dismiss appellant Neff from the suit, or, if he did dismiss appellant, in view of the state of the pleadings, he should on his own motion have dismissed the cause as to all parties. It is the duty of the trial court to see that necessary parties are before the court, and to at least see that there is an issue involved before proceeding to try a case. The court was also in error in overruling appellant's motion to set aside the order of dismissal and in overruling appellant's motion for a new trial.

For all of which said errors, the judgment of the trial court is reversed and the cause remanded.