**BUTMAN et al. v. JONES et al.**

No. 622.

Court of Civil Appeals of Texas. Eastland.
Jan. 24, 1930.

Cox & Hayden, of Abilene, for appellants.
Stinson, Hair, Brooks & Duke, of Abilene, for appellees.

FUNDERBURK, J. This is an appeal by Sam Butman, Sr., and J. L. Casey from a judgment of the district court of Taylor county, rendered and entered in favor of J. L. Jones and others. Plaintiff's petition, in stating the names of those against whom complaint is made, mentions only J. L. Jones, L. D. Monroe, O. R. Artman, J. R. Payne, J. A. Guthrie, Chas. Quiett, J. L. Ross, A. J. Rogers, Lewis Horn, W. H. Bennett, W. C. Barton, and Herman Russell. Of the defendants J. L. Jones, L. D. Monroe, O. R. Artman, J. R. Payne, J. A. Guthrie, Herman Russell, and Chas. Quiett, it is alleged that they "claim to be and are the acting trustees of the purported High School District known as Divide Rural High School District No. 5 in Nolan and Taylor Counties." Of the defendants J. L. Ross, A. J. Rogers, Lewis Horn, W. H. Bennett, and W. C. Barton, it is alleged that they "are the duly elected, qualified and acting County School trustees constituting the County Board of School Trustees of Nolan County, Texas." Another allegation is, "plaintiff further alleges that on or about June 13th, A. D., 1928, the defendants J. L. Ross, A. J. Rogers, Lewis Horn, W. H. Bennett and W. C. Barton, County Board of School Trustees of Nolan County, as aforesaid, passed an order or resolution as such Board, whereby it purported to group," the three districts, of which grouping complaint is made, as a leading purpose of the suit.

A further allegation is that, "The defendants J. L. Ross, A. J. Rogers, Lewis Horn, W. H. Bennett and W. C. Barton, members of the County Board of School Trustees of Nolan County claim," etc.

Yet another allegation is, "J. L. Jones, L. D. Monroe, O. R. Artman, J. R. Payne, J. A. Guthrie, Herman Russell and Chas. Quiett are pretending to act as trustees of the said Divide Rural High School District No. 5, etc."

The only defendants who answered in the case answered as individuals and were "J. L. Jones, L. D. Monroe, O. R. Artman, J.

R. Payne, J. A. Guthrie, Chas. Quiett, J. L. Ross, A. J. Rogers, Lewis Horn, W. H. Bennett, W. C. Barton and Herman Russell." No process or the returns showing service of same nor any waivers appear in the record.

The judgment of the trial court specifically names as the defendants the individuals last above mentioned. The purpose of the suit, as we construe it, was to revise the discretionary action of the *county school trustees of Nolan county, state of Texas*, as involved in attempting the grouping of three common school districts to form a high school district under color of the authority of Vernon's Annotated Texas Statutes, tit. 49, chap. 19A, and also to declare such action void on the ground of the unconstitutionality of said statutes; the relief sought including injunction to restrain the defendants from selling bonds issued under color of said statutes and from levying or causing to be levied taxes upon the lands of plaintiff for the payment of bonds or interest, and praying for mandatory injunction commanding the defendants to redefine the boundary of the rural high school district so as to exclude plaintiff's lands.

■ The record does not disclose that J. L. Casey was a party to the suit in any such way as to authorize the court to render a judgment, either for him or against him. The case was tried upon an amended pleading by plaintiff which does not name the plaintiff other than to designate him as such. All through the pleading the plaintiff is referred to in the singular. The only means of identifying plaintiff is the statement of the style of the suit as "Sam Butman, Sr., v. J. L. Jones, et al." If this be regarded as sufficient to identify the plaintiff, Sam Butman, Sr., the pleading is wholly insufficient to invoke the jurisdiction of the court as to any rights claimed by J. L. Casey. Since under the law an amended pleading supersedes the pleading of which it is an amendment, we have before us a record disclosing Sam Butman, Sr., as a sole plaintiff, and a judgment denying recovery, not only to Sam Butman, but to one J. L. Casey, and awarding judgment in favor of the defendants as against both said parties for the costs.

■ The jurisdiction of the court cannot be made operative unless invoked by some character of pleading stating a cause of action in favor of a named (or, at least, described) plaintiff against defendant likewise named or described. It therefore appears that the judgment appealed from as to J. L. Casey is void. The invalidity appearing from the face of the record, the error in its rendition is fundamental.

■■ It no less certainly appears that "The County School Trustees of Nolan County, State of Texas," was not a party to the suit. By R. S. 1925, art. 2683, it is "a body corporate * * * and in that name may * * * sue and be sued." Being a legal entity, it is something other than and different from the individuals who compose it. The matters sought to be litigated are such that said corporate entity is a necessary and indispensable party. We are inclined to think the same is likewise true of district trustees of district No. 5 (Divide high school) and county of Nolan, state of Texas. By provision of R. S. 1925, art. 2748, the trustees of a common school district are a "body politic and corporate in law." There seems to be no specific provision that the trustees of a rural high school shall constitute a body corporate. Perhaps, however, they are made so by article 2922k, which provides that all rural high schools shall be under the immediate control of the board of school trustees for such rural high schools, and that they "shall be subject to the same provisions of law and restrictions that common school districts are now subject to, except where otherwise provided herein." If so, then such corporate entity was likewise a necessary and indispensable party to the matters sought to be litigated, and clearly was not a party to the suit. It is the duty of the court to take notice of the absence of a necessary party at any stage of the proceedings. Towne's Texas Pleadings, p. 288; Minear v. McVea (Tex. Civ. App.) 185 S. W. 1048; 3 Tex. Jur., § 120; Bonner v. Texarkana (Tex. Civ. App.) 227 S. W. 505; Collins v. Herd (Tex. Civ. App.) 295 S. W. 216; Lawn Production Co. v. Bailey (Tex. Civ. App.) 244 S. W. 283; Barmore v. Darragh (Tex. Civ. App.) 227 S. W. 522; Cullum v. Lub-Tex Motor Co. (Tex. Civ. App.) 267 S. W. 322; Bartlett v. State (Tex. Civ. App.) 222 S. W. 656; Nail v. Taylor (Tex. Civ. App.) 223 S. W. 719; McKay v. Peterson (Tex. Civ. App.) 220 S. W. 178; C., R. I. & G. Ry. Co. v. Oliver (Tex. Civ. App.) 159 S. W. 853; Dawson v. George (Tex. Civ. App.) 193 S. W. 495; King v. Commissioners Court, 10 Tex. Civ. App. 114, 30 S. W. 257.

■■ The rule as applied particularly to the trial court is stated in Towne's Texas Pleadings, supra, as follows: "A party necessary to the main issue in the case is, as we have seen, one without whom no judgment can be rendered determining the matter in controversy. In cases of nonjoinder, if a party necessary to the main issue is omitted, such omission is fundamental, and will require either a dismissal of the suit or a stay of proceedings until such party can be brought in. This is the rule, no matter when or how his absence has become apparent."

■ If the matter escapes the attention of the trial court, then the rule governing the appellate court is stated in 3 Tex. Jur. § 120, as follows: "Want of necessary parties is,

however, fundamental and may be noticed by appellate court." As supporting the text are cited most of the authorities listed above.

 There may be some question as to the proper disposition to be made of the appeal. In Hanner v. Summerhill, 7 Tex. Civ. App. 235, 26 S. W. 906, somewhat of a leading case on the question, it appears that the court took the view that appellants, being the plaintiffs below, and therefore chargeable with the nonjoinder of a necessary party, were not in position to complain of the adverse judgment, since none other could have been rendered in the absence of the essential party, and therefore the judgment of the trial court was affirmed. We think, however, the weight of authority would compel us to hold that the judgment should be reversed and the plaintiffs accorded the opportunity to correct the defects, failing which the suit should be dismissed. As the facts which make reversal necessary are such as are either chargeable to the appellants, or, at least, as to which the appellants never asked for any relief in the trial court, we think justice requires that they be chargeable with the costs of the appeal. Such was the disposition made of the appeal involved in Bonner v. Texarkana, supra, which meets our approval.

The judgment of the trial court will therefore be reversed, and the cause remanded, and the costs of appeal adjudged against the appellants; all of which is accordingly so ordered.