## FEDERAL ROYALTY CO. v. DUVAL TEXAS SULPHUR CO.

### No. 10389.

Court of Civil Appeals of Texas. Galveston.

April 29, 1937.

Ike S. Handy, of Houston, for appellant.

Vinson, Elkins, Weems & Francis and Fred R. Switzer, all of Houston, for appellee.

Walter F. Brown, of Houston, amicus curiæ.

GRAVES, Justice.

This appeal is from a judgment of the district court of Wharton county, sitting without a jury, wherein—at the suit of the Royalty Company against the Sulphur Company, they two being the sole parties—a tripartite contract of May 20, 1933, between L. H. Dunn and appellant Royalty Company, as first parties, and the appellee Sulphur Company, as second party, having to do with certain sulphur-royalty interests of the three named individuals—that is, Dunn and the two litigants here—as well as other individuals to be hereinafter mentioned, was construed in meaning as between the appellant and the appellee herein favorably to appellant, to the extent that its claimed interest in the overriding sulphur royalties accruing from the appellee under such contract was denied, and, instead, the schedule of such overriding royalties tendered by the appellee as being due from it to appellant was held to be correct, the latter being also compelled to accept the same, with this further and concluding provision in the decree:

"It is therefore, ordered, adjudged, and decreed by the court that the rights of the parties concerning the subject-matter of said contract dated May 20, 1933, be and are hereby fixed and determined as provided in said subdivisions (a) to (i), inclusive, of the said paragraph IV of said contract dated May 20, 1933, as interpreted and construed by this judgment, and that all clouds cast upon the right, title, and interest of the defendant (the appellee) in and to the subject-matter of the contract dated May 20, 1933, inconsistent with the terms and provisions of said contract dated May 20, 1933, and this judgment, be and are hereby removed."

Although, as stated supra, L. H. Dunn was not only a party-signatory to the contract herein construed, but was further alleged and shown to still hold an outstanding interest therein in himself and his assignees, the Riverside Royalty Company and C. E. Lawhon, no one of these three was made a party to the suit; however, upon this appeal, Dunn and his two last-named assignees, Riverside Royalty Company and Lawhon, have appeared in the cause as amici curiae, setting up that, while they were not made parties to the cause in the trial court, in consequence having had no opportunity to be heard there, they are vitally interested in the sulphur royalties due from the appellee under that contract to the interest therein designated as being held in the name of L. H. Dunn.

On consideration of the record, this court concludes, irrespective of whether or not the trial court's construction of the contract it dealt with was correct—which, its judgment recites, had superseded an earlier contract relating to the same subject-matter of December 22, 1932, between L. H. Dunn alone and the appellee—that both the pleadings and evidence conclusively show that L. H. Dunn and those so claiming under him are parties at interest and indispensable to a proper adjudication of this controversy; that, since none of them were nor are parties thereto, the learned trial court committed fundamental error in undertaking to render a final judgment fixing the royalty-interests apportionable under that contract without them.

This resulting situation comes about, perforce not alone of appellant's own declarations of its cause of action and adduced proof in support thereof, but also of the express stand taken and course pursued by the appellee in reply, in this:

Appellant's allegations were that it owned an interest in the sulphur royalties involved under both the contracts declared upon—that is, the first one between Dunn and the appellee alone, of date December 22, 1932, the second one between itself, Dunn, and the appellee, of date May 20, 1933—that it in fact, from the very inception of Dunn's initial efforts to block up the leases forming the subject-matter of both contracts, had owned an individual interest with him therein, having been what it termed a "co-adventurer" and joint owner with him in the obtaining and transferring of the original leases forming the later subject-matter of

both contracts; wherefore, it had never been a mere subsequent assignee under Dunn of an interest in either of them, and that prior to the joinder of the three parties to the superseding contract of May 20 of 1933, the appellee had been informed of the existence of such interest in it and had upon its part executed this latter contract with a view to taking care of that interest in it, along with Dunn's interest also, therein expressly agreeing to pay it and Dunn the overriding royalties on sulphur therein called for; in other words, the gist of its petition throughout is that Dunn had made the original contract for himself and it jointly, that the interests between them had, as stated, existed and persisted throughout the life of both contracts, and that both still retained interests in the royalties coming and to come from the second contract, Dunn never having parted with more than a fractional part of his interest; further, it did not allege either that it did or did not own all of the royalty interest of either contract, nor did the evidence show that it owned all of such interests—on the contrary, it indisputably appeared, as recited supra, that Dunn still owned an interest, and that he had assigned parts thereof to the Riverside Royalty Company, and C. E. Lawhon; Joe Davidek and Marion B. Cloud being indicated as further parties at interest.

The appellee, in reply to such petition, merely demurred and denied generally, and then by way of cross-action further declared that appellant's claim to the interest so declared upon by it in the royalties it was obligated to pay under the two contracts, particularly that of May 20 of 1933, cast a cloud upon its title to the leases described in and forming the basis for both contracts, which cloud it affirmatively prayed the court to remove; but it did not make any other party to the cause, and particularly did not vouch in L. H. Dunn, the Riverside Royalty Company, C. E. Lawhon, Joe Davidek, or Marion B. Cloud; its proof too, however, likewise not only showed that L. H. Dunn and the appellant had still subsisting the several interest declared upon by them, but further that Dunn had also assigned interests in his portion to Riverside Royalty Company and C. E. Lawhon, and that Joe Davidek and Marion B. Cloud

were also interested in the controversy; indeed, the appellee itself appears to have precipitated this whole controversy over what should be the proper construction of these two contracts, by, in May or June of 1934, tendering to all these last-named various parties for execution by them an agreement prepared by it, wherein it was recited that each and all of them were recognized by it as being parties at interest in the sulphur royalties it was obligated to pay under the two contracts involved; not only so, but further it pleaded in the trial court in this cause that Miss Averill, who had a partial assignment from C. E. Lawhon to an interest in the sulphur royalties here in question, was an indispensable party to the suit for the construction or reformation of these two contracts, a copy of which pleading it filed among the papers in the record on this appeal, in connection with its prior application to this court for a writ of prohibition herein.

It follows from these several attitudes of the two contending litigants here that neither is in position to insist that all necessary parties are before this court, the appellant being on a parity with one who sues for the partition of property while showing upon the face of his application that not all joint owners are vouched in, while the appellee by its cross-action merely succeeded in emphatically joining its adversary in requesting a construction of contracts between those only whom it knew not to be all the parties thereto, but without asking that the known missing ones be vouched in.

These authorites are thought to furnish ample support for the order herein entered: Barmore v. Darragh (Tex.Civ.App.) 227 S.W. 522; Butman v. Jones (Tex.Civ.App.) 24 S.W.(2d) 796; Nail v. Taylor (Tex.Civ.App.) 223 S.W. 719; Sharpe v. Landowners Oil Ass'n (Tex.Com.App.) 92 S.W.(2d) 435; McCurdy v. Richey (Tex.Civ.App.) 94 S.W.(2d) 837; Dial v. Martin (Tex.Civ.App.) 37 S.W.(2d) 166; Matagorda Canal Co. v. Markham Irr. Co. (Tex.Civ.App.) 154 S.W. 1176.

The judgment will be reversed and the cause remanded, to the end that all necessary parties may be brought before the court.

Reversed and remanded.