**MURRAY et ux. v. HARRIS et al.**

No. 2776.

Court of Civil Appeals of Texas.
Tenth District. Waco.

Jan. 22, 1948.

Rehearing Denied Feb. 19, 1948.

Newton & Archer and Joe Burkett, all of San Antonio, for appellants.

Mann & Mandel, of Laredo, and L. B. Cooper and Willson & Hargrove, all of Cotulla, for appellees.

TIREY, Justice.

Plaintiffs sought to bring this cause of action as a class suit for themselves as taxpayers and patrons of the Cotulla Common School District No. 1, of LaSalle County against the school trustees in their individual capacity and against the Stockmen's National Bank, official depository for such school district, and against other persons therein named who, they alleged, had illegally received such school funds. They sought judgment for the use and benefit of all taxpayers and patrons of such school district similarly situated as plaintiffs, and prayed in effect that the sums of money illegally paid out be returned to said depository and credited to the Cotulla Common School District No. 1 for the use and benefit of the school children and the school district. Julia Harris, one of the named defendants, was not cited and did not appear and answer, and at plaintiffs' request she was dismissed with her costs. Each of the other defendants named filed various special exceptions in an answer to the plaintiffs' pleading and the court sustained certain special exceptions of the defendants to the effect that the plaintiffs did not have the right to maintain the suit. Plaintiffs declined to amend and thereupon the court entered a "take nothing" judgment against all the plaintiffs and they have appealed.

Point No. 5 is: "Where the court sustained special exceptions to plaintiffs' petition and plaintiffs refused to amend, it is error for the court to enter a 'take nothing' judgment, the proper judgment in such case being one of dismissal." We sustain this contention. Butman v. Jones, Tex.Civ. App., 24 S.W.2d 796 and authorities col-

lated; Strictland v. Higginbotham Bros., Tex.Civ.App., 220 S.W. 433, point 9, page 436. Under our statutes, the management and control of the affairs of our public schools is vested in trustees who must sue and be sued as a corporate body. See Art. 2676, Title 49, Chap. 11, Art. 2683 of the same Title and Chapter, Art. 2748, Title 49, Chap. 13, Rev.Civ.Stats., as amended, Vernon's Ann.Civ.St. arts. 2676, 2683, 2748. The trustees were not sued as a corporate body. Moreover Art. 339, Title 15, Rev. Civ.Stats., provides: "When it shall come to the knowledge of any district or county attorney that any officer in his district or county entrusted with the collection or safe-keeping of any public funds is in any manner whatsoever neglecting or abusing the trust confided in him, or in any way failing to discharge his duties under the law, he shall institute such proceedings as are necessary to compel the performance of such duties by such officer and to preserve and protect the public interest." Plaintiffs' suit contravenes this provision of the statute.

██ Our view is that the plaintiffs have no justiciable interest in the subject matter they sought to litigate. See Hoffman v. Davis, 128 Tex. 503, 100 S.W.2d 94, 96. Judge Hickman very clearly states the reason why a private citizen cannot maintain this character of suit. The opinion states in part: "A further reason for denying plaintiffs in error the right to maintain this suit lies in the fact that they have no private interest in the subject-matter. When a taxpayer brings an action to restrain the illegal expenditure by the commissioners' court of tax money he sues for himself, and it is held that his interest in the subject-matter is sufficient to support the action; but when the money has already been spent, an action for its recovery is for the county. The cause of action belongs to it alone. Our courts do not recognize the right of one to bring a lawsuit for another merely because he might derive some indirect benefit therefrom. A taxpayer would be benefitted through the collection by the county of delinquent taxes owing by other property owners, but his interest is not of a nature to authorize him to prosecute tax suits."

In the case at bar plaintiffs' pleadings on which they sought recovery show that the funds of the district had already been spent. It follows that their suit falls under the rule above quoted. It is true that appellants cite cases from other jurisdictions that seem to hold to the contrary. A discussion of these cases would be of no avail for the reason that our courts do not follow them.

It is well settled that "the jurisdiction of the court cannot be made operative unless invoked by some character of pleading stating a cause of action in favor of a named (or, at least, described) plaintiff against defendant likewise named or described * * *." See Butman v. Jones, supra [24 S.W.2d 798]. Our view is that the plaintiffs' petition failed to allege a cause of action and the court did not err in sustaining the exceptions thereto; but it should have dismissed their case when they declined to amend. However, we do not feel that the costs of this appeal should be taxed against appellees because the plaintiffs do not have the right to maintain this character of suit. See Butman v. Jones, supra, par. 10-11.

It follows that the judgment of the trial court in sustaining appellees' exceptions must be affirmed, but the judgment of the trial court in rendering the "take nothing" judgment against plaintiffs is reversed and judgment is here rendered that plaintiffs' cause of action be dismissed, and all costs of this appeal are taxed against plaintiffs.

Affirmed in part, reversed and rendered in part. See Rule 434, Texas Rules of Civil Procedure, and authorities there collated.