JEWELL et al. v. HART et al.    (No. 1358.)

(Court of Civil Appeals of Texas. El Paso. Oct. 19, 1922. Rehearing Denied Nov. 16, 1922.)

1. Limitation of actions ⬯180(2)—How limitations may be pleaded stated.

The defense of limitation must be specially set up, and this may be done by special exception when the bar is shown upon the face of the petition, but a general demurrer is unavailing for such purpose.

2. Trusts ⬯371(2) — Petition held to show holding by defendant as constructive trustee.

In a suit to partition property alleged to be held by defendant as a constructive trustee in trust for plaintiffs and others, the allegations of the petition held sufficient to show that defendant occupied a fiduciary character with respect to the duty to protect the property against forfeiture to the state, and that he acted in fraud of his duty by allowing the property to be forfeited and afterwards repurchasing from the state.

3. Limitation of actions ⬯39(12) — Two and four year statutes held inapplicable.

In suit to recover an undivided interest in land and for partition based upon an equitable title under a constructive trust, to recover in which no equitable aid for the removal of some impediment upon the title caused by a judgment or written instrument was necessary, the two and four years' limitation statutes were inapplicable, but the statutes relating to actions to recover realty in adverse possession applied.

4. Limitation of actions ⬯102(8) — Statutes applied to constructive trusts.

Constructive trusts are not exempt from the operation of the statute of limitations, since they presuppose an adverse right in the trustee from the beginning, and will run from the time the beneficiary should have vindicated his right by action or otherwise.

5. Limitation of actions ⬯100(1)—Fraud only prevents running of statute until discovery of fraud or until it should have been discovered.

Fraud will only prevent the running of the statute of limitations until the fraud is discovered, or by the use of reasonable diligence might have been discovered.

6. Limitation of actions ⬯179(2)—Petition insufficient to show diligence in discovery of fraud.

In a suit to partition real estate, wherein it was alleged that defendant held as a constructive trustee, having allowed the land purchased in his name to be forfeited to the state and having repurchased it, allegations of the petition held insufficient to show that by reasonable diligence the fraud could not have been discovered until the death of the holder of the title.

7. Vendor and purchaser ⬯224 — Quitclaim purchaser not an innocent purchaser for value.

A purchaser under a quitclaim deed cannot claim the equity of an innocent purchaser for value.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Pleading ⬳218(3)—Judgment as upon merits improper upon demurrer.**

Upon demurrer, it is improper to render a judgment as if there had been a trial on the merits.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by R. M. Jewell and others against E. T. Hart and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Marvin H. Brown and Chas. T. Rowland, both of Fort Worth, for appellants.

McLean, Scott & McLean, and Capps, Cantey, Hanger & Short, all of Fort Worth, and J. W. Darden, of Breckenridge, for appellees.

### Statement of Case.

HIGGINS, J. Alice Jewell, Mary Stephens, Lee McTyer, Sallie Tribble, Jane Cade, Annie Truman, joined by their respective husbands, and Mrs. Mattie Magers, a widow, for herself and as next friend for her minor children, the heirs of W. P. Magers, deceased, brought this suit to recover an undivided seven-ninths' interest in 120 acres of land in Stephens county and for partition. W. P. Magers and the named plaintiffs were seven of nine children of Nancy Magers, who is alleged to have died in 1893. The defendant, J. W. Magers, is another child of Nancy Magers. Frank Magers was another child, and died in September, 1918. M. C. Magers, the wife of Frank Magers, is also dead.

This suit was filed November 22, 1919, against J. W. Magers and the heirs at law and legal representatives of Frank Magers and his deceased wife, M. C. Magers. The Texas Pacific Coal & Oil Company and Mid-Kansas Oil & Gas Company were joined as defendants, it being alleged that they claimed some interest under an oil and gas lease executed by Frank Magers before his death.

The oil companies answered by general demurrer, general denial, and that they were innocent purchasers for value and the three, five and ten year statutes of limitation.

J. W. Magers filed no answer in his individual capacity, but did answer as guardian of two children of Frank Magers and wife. Edgar T. Hart answered as administrator of the estate of Frank Magers and wife. Willie Mae Hart, the wife of Edgar T. Hart, was a daughter of Frank Magers and wife. Hart and wife also answered individually.

The amended answer of the Harts and of J. W. Magers, as guardian, set up a general demurrer and various special exceptions, one of which (eleventh paragraph of answer) was to the effect that the cause of action was barred by the two and four years' statutes of limitation; also pleaded not guilty, a general denial, various statutes of limitations, and other special pleas.

The court sustained the general demurrer and the special exception relating to limitation, and rendered judgment that the plaintiffs take nothing and discharged the defendants without day as if the case had been tried upon the merits.

The plaintiffs appeal assigning as error the action of the court in sustaining the general demurrer and special exception.

The material facts shown by the petition, in addition to what has been stated above, are as follows:

That prior to December 17, 1883, Nancy Magers, the mother of Frank Magers, placed $750 in his hands and sent him to Stephens county with authority to purchase in her name the land in controversy; that Frank Magers purchased the same and took a warranty deed therefor to Nancy Magers; that Frank Magers, since the purchase of said land in December, 1883, used, occupied, and enjoyed the same until his death in September, 1918, since which time his said children have used, occupied, and enjoyed the same; that Nancy Magers reposed the greatest confidence in her son, Frank Magers, and left the use, management, and control of the land and the live stock thereon, purchased with her funds, entirely to him, and arranged for a division of the profits; that the land was public school land, and at the time of the purchase there was a balance owing the state of Texas upon the purchase price, and Nancy Magers left to Frank Magers the matter of paying and attending to the payment of same as it became due; that Frank Magers conceived a plan and scheme to permit the payments to become in arrears so that the purchase of the land would be forfeited by the state so that he could purchase the same in his own name and in pursuance of such scheme deliberately permitted the payments of the debt to the state to lapse; that on September 14, 1894, and after the death of Nancy Magers, the state filed suit against Frank Magers and E. J. Lovitt, the vendor of Nancy Magers, to forfeit the sale of said land, and Frank Magers permitted a default judgment to be rendered forfeiting the sale, which judgment of forfeiture was rendered in May, 1895, and thereafter on December 18, 1895, Magers repurchased the land from the state and took the title in his own name; that Magers, as a part of his scheme and plan, to obtain the title in his own name and for the purpose of defrauding the plaintiffs and the said Nancy Magers, did not advise any of the plaintiffs that such a suit of forfeiture had been filed, and, if they had known of the same, that they would have paid off the small debt due against the land and would not have permitted the judgment of forfeiture to have been rendered.

The plaintiffs knew nothing of the suit and in furtherance of his scheme to defraud the plaintiffs, Frank Magers immediately after

the purchase from the state conveyed the land by quitclaim deed to his wife, M. C. Magers, and that said deed was a sham and for the purpose of covering up his scheme to defraud plaintiffs out of their interest in the land; that from the date of the deed to Nancy Magers for the land, Frank Magers had had the use thereof and has openly used and enjoyed and occupied the lands to the date of his death and paid the taxes thereon as he had agreed to do; that he deliberately permitted the payments due the state to lapse, and permitted the forfeiture suit to be filed and judgment rendered, and deliberately concealed the facts from the plaintiffs for the purpose of getting the title out of his dead mother's name and repurchasing from the state in his own name, and carried out said scheme for the purpose of defrauding plaintiffs; that plaintiffs reposed confidence in him and did not discover the fraud until after the death of Frank Magers; that by reason of the acts and conduct of Frank Magers as above set out and the fact that plaintiffs reposed confidence in him and in his management of the estate of Nancy Magers, the said Magers and his said wife held the title to the land as cotenants of the plaintiffs and for their use and benefit as well as his and in the proportions to which each are entitled as heirs of Nancy Magers.

It was averred that plaintiffs are the owners of and entitled to seven-ninths of the land and J. W. Magers and the heirs of Frank Magers and his deceased wife are entitled to the remaining two-ninths' interest in the land.

It was prayed that the court rendered judgment decreeing the land to be owned jointly by the plaintiffs, J. W. Magers, and the said heirs of Frank and M. C. Magers, and the same partitioned so as to set aside to the plaintiffs their seven-ninths' interest and, to said last-named defendants, their two-ninths' interest. That the deed from Frank Magers to his wife, M. C. Magers, be held to be a sham and subterfuge and not to pass title to M. C. Magers and that the leaseholds held by said oil companies be canceled and held for naught, and removed as a cloud from the title, and that the plaintiffs be vested with title to an undivided seven-ninths' interest in the land and divesting the defendants of the title to said seven-ninths' interest claimed by plaintiffs and for general relief.

## Opinion.

The theory upon which appellees seek to uphold the action of the trial court in sustaining the general and special exception is that the cause of action is barred by limitation and the allegations of fraudulent concealment by Frank Magers insufficient to suspend the operation of the statutes.

[1] The defense of limitation must be specially set up. This may be done by a special exception when the bar is shown upon the face of the petition. A general demurrer is unavailing for such purpose.

[2] This being the case the only question which it seems to us can arise, as to the sufficiency of the petition as against general demurrer, is whether the allegations are sufficient to show that Frank Magers by his purchase from the state on December 18, 1895, acquired title in fraud of the plaintiffs' rights, and thereby impress upon him the character of a constructive trustee holding the legal title for himself and in trust for the other heirs of Nancy Magers. Upon this phase of the case appellees make no point, and we are of the opinion that the allegations are sufficient to show that Frank Magers occupied a fiduciary character with respect to the duty to protect the property against forfeiture to the state; that he acted in fraud of his duty, and his title being acquired from the state through such fraud, he took the same charged with a constructive trust in favor of the other heirs of Nancy Magers. 2 Pomeroy's Equity, par. 1053; Perry on Trusts and Trustees (6th Ed.) par. 27; Schneider v. Sellers, 98 Tex. 380, 84 S. W. 417; Nuckols v. Stanger (Tex. Civ. App.) 153 S. W. 931; Miller v. Himebaugh (Tex. Civ. App.) 153 S. W. 338.

Passing to a consideration of the court's action in sustaining the special exception to the effect that the petition upon its face shows that the cause of action is barred by the two and four years' statutes of limitation, this was error for the reason that these statutes have no application.

[3] The suit is to recover an undivided seven-ninths' interest in the land and for partition based upon an equitable title under a constructive trust. In order to recover, no equitable aid for the removal of some impediment upon the title caused by a judgment or written instrument is necessary. Under the authorities, the statutes upon which the exception is based have no application. The statutes relating to actions to recover realty in adverse possession apply. Carl v. Settegast (Tex. Com. App.) 237 S. W. 238; McBride v. Loomis (Tex. Com. App.) 212 S. W. 480; Stafford v. Stafford, 96 Tex. 106, 70 S. W. 75; Moore v. Chamberlain, 109 Tex. 64, 195 S. W. 1135; Nuckols v. Stanger (Tex. Civ. App.) 153 S. W. 931.

For the reasons indicated, the general and special exceptions were improperly sustained, necessitating a reversal.

In view of the retrial, we will briefly indicate our views upon the questions discussed in the briefs upon what is manifestly the controlling question upon the issue of limitation, namely, the time the statute began to run.

[4] Upon the facts alleged appellant's title is equitable under a constructive trust. Trusts of this nature are not exempt from the operation of the statute of limitation, for they presuppose an adverse right in the trustee from the beginning, and the statute will

run from the time the beneficiary should have vindicated his right by action or otherwise. Kennedy v. Baker, 59 Tex. 150. See, also, cases cited in 11 Michie Digest 1329.

[5] In this connection it is alleged by plaintiffs that the fraud was not discovered by them, and that Frank Magers fraudulently concealed it from them.

"It is the settled rule in Texas that fraud will only prevent the running of the statute of limitations until the fraud is discovered, or by the use of reasonable diligence might have been discovered." Vodrie v. Tynan (Tex. Civ. App.) 57 S. W. 680, and cases cited.

No affirmative act of concealment or misrepresentation is charged against Frank Magers. Frank Magers was a brother, and it is alleged that the plaintiffs reposed confidence in him and did not discover the fraud until his death in 1918, which was 22 years later. But the forfeiture of the original sale by the state and the resale of the land to Frank Magers were all matters of public record. During all this time, it is alleged, he had openly used, enjoyed, and occupied the lands.

[6] Under the facts shown by this petition, we are of the opinion that the allegations are wholly insufficient to show that by reasonable diligence the fraud could not have been discovered until Frank Magers' death in 1918. Goar v. Thompson, 19 Tex. Civ. App. 330, 47 S. W. 61; Boren v. Boren, 38 Tex. Civ. App. 139, 85 S. W. 48; Wells v. Houston, 23 Tex. Civ. App. 629, 57 S. W. 584; Cooper v. Lee, 75 Tex. 114, 12 S. W. 483.

[7] With reference to the position of Mrs. Frank Magers, it is true, as suggested by appellees, she would be protected if she were an innocent purchaser for value. The allegations of the petition, however, are that the conveyance to M. C. Magers was by quitclaim deed and a sham. A purchaser under a quitclaim deed cannot claim the equity of an innocent purchaser for value. Milam Co. v. Bateman, 54 Tex. 153; Rodgers v. Burchard, 34 Tex. 441, 7 Am. Rep. 283; Tram Lumber Co. v. Hancock, 70 Tex. 312, 7 S. W. 724.

[8] As noted in the preliminary statement, the judgment rendered was as if there had been a trial upon the merits. In view of a retrial, it is perhaps well to indicate that such is not the proper judgment to render upon demurrer.

Reversed and remanded.