**BAKER v. COOK. (No. 7997.)**

Court of Civil Appeals of Texas. San Antonio. May 16, 1928.

Rehearing Denied June 13, 1928.

1. **Limitation of actions** ⊜⟶102(5)—**No trust relationship existed requiring deceased to inform plaintiff of sale, under contract for plaintiff's reimbursement on sale of 'farm or through will.**

As respects limitations, deceased, who entered into contract with plaintiff to pay her for services rendered on farm at time of sale of farm or to remember her in his will was under no duty to disclose fact that he had sold farm, since no confidential or trust relationship arose rendering the concealment fraudulent, though deceased was much older than plaintiff, and she placed great confidence in his promises.

2. **Limitation of actions** ⊜⟶50(1)—**Limitation on plaintiff's recovery for services, commenced when deceased secretly sold farm, where contract required reimbursement from sale or under will.**

Where plaintiff performed services for deceased in return for promise of reimbursement at time deceased sold his farm or else under deceased's will, limitation on plaintiff's recovery commenced to run from the time the property was sold, though she was ignorant of the sale,

and deceased, who was much older than she and in whom she placed great confidence and trust, failed to inform her concerning it.

Appeal from District Court, Hidalgo County; J. E Leslie, Judge.

Action by Mathilde Baker against John A. Cook. Judgment for defendant, and plaintiff appeals. Affirmed.

Neal A. Brown and J. F. Carl, both of Edinburg, for appellant.

Bryce Ferguson, of Pharr, for appellee.

SMITH, J. The trial court held that the cause of action asserted by appellant, as plaintiff, was shown in the latter's pleading to be barred by the two-year statute of limitation. That holding raises the only question presented in the appeal. We will state the case alleged:

John A. Cook and Thomas Cook were brothers, who with their invalid mother resided in the home of John A. Cook, in Cook county, Ill. Mathilde Baker was an orphan girl, and in 1891, at the age of 14 years, "was taken into the home of John A. Cook to wait upon and be a companion to his invalid mother, and also the mother of Thomas Cook. * * * For a period of about seven years following her engagement in the home of John A. Cook, excepting two years thereof, plaintiff resided with the said John A. Cook and family. * * * She left the home of said John A. Cook in August, 1898, when she was about 21 years of age, * * * and then about April, 1901, she went to the home of Thomas Cook, who was then living on a small farm near the village of Isabella, Ozark county, Mo., at the instance of said Thomas Cook. That for a period of eighteen months from April, 1901, to October, 1902, at the invitation, instance, and solicitation of Thomas Cook, she acted as his housekeeper, doing his cooking, household work, washing, raising poultry, gardening, and working on the little farm. Plaintiff says that said Thomas Cook induced her to act as his housekeeper, and do the other work enumerated, by his promise and agreement with her when she first went to his home in Missouri that he would pay for her services when he sold a certain farm he owned in Cook county, Ill., located near the town of La Grange, and that, if he did not sell said farm during his lifetime, he would provide for her bountifully in his last will and testament. Plaintiff says that, because of the fatherly interest always manifested in her by the said Thomas Cook, and her long acquaintance with him, and the faith and confidence imposed in him by her, she believed said representations and acted upon them, and did said housework, poultry raising, gardening, and general farm labor for him

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

during said eighteen months under his said promise to pay her well for said work when he sold said Illinois farm or bountifully provide for her in his last will and testament." In April, 1905, she returned to the home of Thomas Cook and resumed and continued her work therein for a period of seven and a half months, and again from May, 1909, to May, 1910; each time with the promise of Cook that he would pay her "when" he sold his Illinois farm, or that he would provide for her bountifully in his will.

She further alleged that she made three trips from Denver, Colo., to Cook's home in Missouri, at an expense of $100 each trip, loaned him $200 in money, "sent him" $100 worth of provisions, and made and delivered to him two feather beds, worth $25 each, and two feather pillows, worth $3 each, all under the same agreement by which she was to be compensated. She further alleged that Cook sold his farm in 1925, without compensating her for her services, and died in 1927, leaving a will in which he devised his entire estate, valued at $25,000, to his brother, John A. Cook. Thereafter the said Mathilde Baker brought this action against John A. Cook to recover the amount she claimed to be owing to her by Thomas Cook. The trial court sustained controlling exceptions to her petition. She declined to amend, and the cause was dismissed, resulting in this appeal.

As stated, the only question presented is that of whether or not the cause of action asserted by appellant was barred by the two-year statute of limitation; it appearing that the debt sued on accrued prior to May, 1910, and the decedent's farm was sold in 1925, whereas, the suit was not brought until 1928. Appellant did not know of the sale of the farm until 1927. Appellant's contentions are embraced in her second proposition of law, as follows:

"Where a girl had gone into a household as helper and as companion to an aged mother of defendant, lived there for years just like one of the family, and an old bachelor brother also lived there, and the girl through long association grew to look upon him almost like a father, he being twenty-eight years her senior, and after she had grown to womanhood, that old bachelor induced her to come and keep house for him, under a promise that he would compensate her for her services and for other money and property furnished him by her when he sold a certain Illinois farm, and, if he did not sell the farm, he would pay her by bountifully providing for her in his will, and she believed him and did the work, let him have money and other property, and, after that was done, she went back to work in a distant state, trusting and relying on his promises to pay her when he sold his farm, he owed her the duty to tell her when he did sell the farm, knowing that she was a woman unfamiliar with business and was trusting him fully, and he sold that farm a little more than two years before the suit was filed, but she did not know of the sale, his failure to inform her of the sale was a breach of duty and trust and limitation would not begin to run against her until she found out about the sale, which was April, 1927."

[1, 2] No actionable fraud was alleged in the case. There was no misrepresentation of a past or existing fact, or anything equivalent thereto, and there was no contention that the alleged promise to do something in the future was made with a present intention not to perform the promise. The petition simply set up a parol contract, and a breach thereof, and no case of fraud was alleged. Dibrell v. Bank (Tex. Civ. App.) 293 S. W. 875, and authorities there cited; King v. Wise (Tex. Com. App.) 282 S. W. 570.

Nor is there any merit in appellant's contention that the circumstances alleged served to impress Thomas Cook's estate with a trust to secure the payment of his debt to appellant. The mere facts that Cook was so much older than appellant, that she lived in his home, that she believed so completely in his promises, did not create such confidential or fiduciary relation as to create a trust relation or an equitable title, right, or interest in Cook's property.

In order to give rise to such a trust, "there must be something more than a confidence reposed by one person in another, for this element appears in perhaps a majority of ordinary commercial transactions." 39 Cyc. 22, 23. And, in the absence of such relationship, Cook was under no duty to disclose to appellant the fact that he had sold his farm, an alternative contingency, in which it was alleged he was obligated to compensate appellant for her services, and limitation began to run from the time the debt became due. 37 C. J. 977; Hunter v. Hubbard, 26 Tex. 537; Armstrong v. Waggoman (Tex. Civ. App.) 240 S. W. 687; Vernor v. Sullivan (Tex. Civ. App.) 126 S. W. 641; Jewell v. Hart (Tex. Civ. App.) 244 S. W. 827.

It is clear that the cause of action asserted by appellant was barred by the statute, and the judgment is affirmed.