Cope WISEMAN et al., Appellants,

v.

Norman H. ZORN et al., Appellees.

No. 13125.

Court of Civil Appeals of Texas.

Houston.

Jan. 9, 1958.

Rehearing Denied Jan. 30, 1958.

Robert L. Sonfield, Houston, for appellants.

Wm. N. Bonner, Houston, for appellees Zorn and Head.

Albert J. De Lange, C. M. Hudspeth, E. J. Pitman, for appellees Stewart Title Co. and Stewart Title Guaranty Co.

Stewart, Burgess & Morris, Buford T. Morris, J., Houston, for appellee P. C. Stewart.

WERLEIN, Justice.

Appellants, Cope Wiseman and John G. Davis, brought this suit against appellees, Norman H. Zorn, H. J. Head, Stewart Title Guaranty Company, Stewart Title Company, and P. C. Stewart, to recover a broker's commission claimed to be due them for having obtained a purchaser of the property described in the exclusive sales agreement attached to and made a part of the petition. The face of such exclusive sales contract reads as follows:

"Cope Wiseman
Real Estate

1024 South Shaver

Office, GRand 2-1139

Exclusive Sales Contract

Date January 17, 1955

"To Cope Wiseman

"In consideration of your agreement to list in your office the real estate described on the reverse side of this card, and of your efforts to find a purchaser for the same, I hereby grant to you the exclusive right to sell or to contract to sell said real estate within a period of 15 days from date hereof, for the price and upon the terms stated on the reverse side of this card and I hereby agree to furnish complete abstract or title insurance policy of title to said real estate and to execute a deed of general warranty in due form of law, conveying a marketable title to the same, in which my wife or husband shall join, to such person as you shall have sold or agreed to sell the same, and for your services, I hereby agree to pay you the regular 5% commission on the purchase thereof, the receipt of which is hereby acknowledged, upon any sale or contract for sale of said real estate made while this agreement remains in force, whether such sale be made by yourselves or by myself or whether at the price and upon the terms stated on the reverse side of this card, or at a different price or upon other terms accepted by me.

"It is further agreed that upon any sale or contract for the sale of said real estate made by me after the termination of this agreement to any person with whom you have had negotiations for sale of the same and of which I shall have been advised, I will pay you the full rate of commission. as above indicated.

"You are hereby authorized to place one neat 'For Sale' sign on said real estate and to remove all other signs therefrom.

| | | |
|---|---|---|
| | Owner | Norman H. Zorn—HU–6–3168<br>H. J. Head—HU–6–7402 |
| Signed | H. J. Head | Address |
| Signed | Norman H. Zorn | Lot Block |
| | Owner | |
| | | Associate Cope Wiseman |

100 acres—NW ¼ Section of Survey # 7—Landscrip 132—to WCRR—Vol 326—Page 347—Deeds & Records

10 acres NW ¼ of NW ¼ of SW ¼ of WCRR—Co. Survey # 7—Block 7—Abst 894"

On the reverse side of the exclusive sales contract appears the following:

"Vacant Lots
Acreage

Location East End of Crenshaw road—110 acres

Suitable for

Restrictions

Type of Soil Sandy Loam—

Trees

Price 800.00 per acre Terms

REMARKS Ten Acres clear—100 acres has 15,000 loan, 5% interest—Payable $5,000 May, 1955, $5000 May, 1956 $5000. May, 1957, to be assumed.—Mineral rights 15/16 go with sale."

Appellees Zorn, Head, and Stewart excepted to plaintiffs' petition on the ground that said exclusive sales contract failed to describe any real estate sufficiently to identify the same, in light of Sec. 4, Art. 3995, Art. 3995a, and Sec. 22 (now Sec. 28) of Art. 6573a, Vernon's Ann.Tex.Civ.St.

No sale of the property was made within the period of 15 days for which the exclusive sales agency was given, but thereafter a sale was made to appellee, P. C. Stewart. Appellants claimed they were the procuring cause of the said sale to Stewart and were entitled to their commission even though the sale was made after the expiration of the 15 day period since the sales contract provided that a 5% commission would be paid upon any sale of the real estate after the termination of the agreement to any person with whom said agent had negotiations for the sale thereof within such period and of which said Norman H. Zorn and H. J. Head had been advised.

On April 5, 1956, all parties being present, the special exceptions of Zorn and Head and of P. C. Stewart were considered by the court and sustained. The order, signed and entered by the court, also dismissed the first amended original petition of appellants, and adjudged all costs against them.

After said order of April 5, 1956, was entered by the court, appellants on September 12, 1956, filed their second amended original petition. Thereafter the appellees Zorn and Head filed what they termed an answer to the second amended original petition of appellants, and appellee Stewart filed a second amended original answer. In such answers appellees adopted by reference the special exceptions contained in answers they had previously filed to appellants' original petition and first amended original petition. After said amended answers were filed, appellants, learning that the court had entered the order of April 5, 1956, dismissing the suit instead of merely sustaining appellees' exceptions, filed a motion to set aside the order of April 5, 1956, and due notice was given on such order for appellees to appear in court on October 29, 1956. On that day appellants filed a motion to correct the order entered by the court under date of April 5, 1956, dismissing their suit.

On October 29, 1956, all parties at interest being present, the court entered an order correcting the previous order on exceptions dated April 5, 1956, the court stating that on that day the special exceptions of the appellees Stewart, Head and Zorn, were sustained, but that the order prepared and presented to the court by counsel for appellees Head and Zorn further provided that appellants' suit was dismissed, which was not adjudged by the court. The court further found that the order previously rendered on said special exceptions should be corrected to correspond to the actual judgment of the court which only sustained the special exceptions and gave plaintiffs leave to amend. The court then ordered that the previous order be corrected to sustain the special exceptions of Head and Zorn and Stewart, and that the part of the order of April 5, 1956, dismissing plaintiffs' suit be stricken therefrom. To this order appellees duly objected and excepted.

Then came on to be heard on the same day the exceptions of appellees previously filed an actually addressed to previous petitions and amended petitions of the appellants, but which were adopted by reference in said amended answers and were applicable alike to plaintiffs' second amended original petition; and the court, after argument of the parties, sustained such exceptions, the court being of the opinion that the exclusive sales contract was void and unenforceable for the reason that the description of the property in question was not sufficient to identify it.

After said exceptions were sustained, appellants having declined to further amend, the court dismissed their second amended original petition on the ground that it was insufficient and ordered that "Plaintiffs take nothing by their said pleading, and as

to the Plaintiffs' cause of action all Defendants will go hence without day and recover their costs of the Plaintiffs."

Next, there came on to be considered by the court at the same hearing the remaining issues between the parties, and the court, on motion of Zorn and Head for summary judgment, found that Stewart Title Company had on hand $4,038.30 that had been withheld by it when the sale to Stewart was consummated, said company having received notice from appellants that they were claiming a commission in that amount. The court found that Stewart Title Company was a stakeholder as to such money and that appellees Zorn and Head were entitled thereto. Judgment was entered accordingly and all costs were taxed against appellants, Cope Wiseman and John G. Davis, jointly and severally.

Appellants duly excepted to the judgment of October 29, 1956, entered November 21, 1956, and perfected their appeal to this Court.

Appellee Stewart has moved to dismiss the appeal, alleging that the appeal is taken from the judgment signed and entered November 21, 1956, whereas on April 5, 1956, the court had rendered a final judgment in the same cause dismissing plaintiffs' first amended original petition, and such judgment was allowed to become final thirty days after the date thereof, no appeal having been perfected therefrom. Appellee Stewart further alleged that after the expiration of more than six months after April 5, 1956, appellants on October 29, 1956, filed their "Motion to Correct Order", and that the same did not contain any of the essential elements of a bill of review; that, therefore, the trial court had no jurisdiction to enter the order of October 29, 1956, purporting to correct its previous order of April 5, 1956, nor did it have jurisdiction to render judgment dated November 21, 1956, from which appellants have appealed.

■ The motion filed by appellants to correct the order of April 5, 1956, is not a bill of review. While it is not so labeled, it is in fact a motion to correct an order previously entered by the court and to enter a correct order nunc pro tunc. In the order entered by the court correcting the order of April 5, 1956, the court very clearly states that the order of April 5, 1956, prepared and presented to the court provided that said suit was dismissed, but that such was not adjudged by the court. The court further found that said order on said special exceptions should be corrected to correspond with the actual judgment of the court which in fact only sustained the special exceptions that had been filed and gave appellants leave to amend. The court thereupon entered the order of October 29, 1956, which corrected the prior order so as to sustain the special exceptions of appellees; and the court further stated, "That part of the order dismissing plaintiffs' suit is stricken thereform and the order is further corrected to give Plaintiffs leave to amend."

■ This was nothing more or less than an order nunc pro tunc correcting the previous order so that the order would reflect the actual proceedings had and what was in fact adjudged by the court. It is well settled that a court may amend its records and judgment after the expiration of the term at which it was rendered by correcting merely clerical errors or mistakes or by adding to the judgment amended clauses necessary to give it effect. See Collins v. Davenport, Tex.Civ.App., 192 S.W.2d 291, no writ history.

In the case of Truelove v. Truelove, Tex. Civ.App., 266 S.W.2d 491, 493, error refused, the court after referring to the leading case of Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, made the following statement:

"The rules of law announced in the Coleman-Zapp case, supra, have since been consistently followed by our

courts. In the recent case of Knox v. Long, [152 Tex. 291] 257 S.W.2d 289, the Supreme Court cited that case with approval and quoted from it the rules governing a factual situation similar to the one at bar wherein the trial court had inadvertently and by mistake entered an order dismissing a case at a former term of the court when the same was properly corrected at a subsequent term of the court by the entry of its proper judgment after notice and a hearing was had. The court there cites numerous authorities in support of its action, among them being Rules 316 and 317, Vernon's Texas Rules of Civil Procedure."

See also Knox v. Long, 152 Tex. 291, 257 S.W.2d 289, and the authorities cited therein.

The motion of appellee, P. C. Stewart, to dismiss the appeal is overruled.

We shall now consider the appeal on its merits.

Appellants' first point of error is to the effect that the trial court erred in sustaining the special exceptions to their second amended original petition since such special exceptions were not contained in the respective amended answers of appellees in reply to plaintiffs' second amended original petition but were merely adopted by reference to prior superseded answers in violation of Rules 58 and 65, Texas Rules of Civil Procedure. Defendants rely upon the case of Dyche v. Simmons, Tex.Civ.App., 264 S.W.2d 208, error refused, n. r. e.

It would be difficult indeed to determine whether the answer filed by appellees Zorn and Head on October 8, 1956, is an amended answer superseding their original answer, or a supplemental answer. It is not necessary, however, for this Court to decide the question since the judgment of the trial court must be sustained on other grounds. Although the appellants excepted to the judgment of the court of October 29, 1956, signed and entered on November 21, 1956,

they never objected or excepted to appellees adopting by reference the exceptions contained in previous answers filed by them. There is nothing in the record to show that they ever objected or excepted to such pleadings, although appellants were in court and had ample opportunity to do so. They participated in the hearing of the exceptions, which were argued before the court. The court found that such exceptions were actually addressed to previous petitions and amended petitions of the plaintiffs but were applicable alike to plaintiffs' second amended original petition.

■ If there was any error in the court's action in passing upon such exceptions to said second amended original petition, without such exceptions being pleaded in full in the amended answers filed by appellees, such error was certainly not fundamental error. Therefore, since no objections or exceptions were taken to the pleadings in the trial court, appellants are not in a position now to complain in this Court that the trial court sustained such exceptions without same being properly pleaded. Rule 90, T.R.C.P. See Red River Valley Publishing Company v. Bridges, Tex.Civ.App., 254 S.W.2d 854, refused, n. r. e. See also Douglass v. McLure, Tex. Civ.App., 254 S.W.2d 876, dismissed. In these cases it was held in effect that a defendant failing to call matters complained of to the attention of the trial court waives the right to complain about them on appeal. Appellants also failed to comply with Rule 373, T.R.C.P., in that at the time the ruling was made, they failed to make known to the court their objections to the actions of the court and their grounds therefor. There can be no question that the issues with respect to the special exceptions were tried by the express or implied consent of the parties then present in court, so that they will be treated in all respects as if they had been raised in the pleadings. See Rule 67, T.R.C.P. We, therefore, overrule appellants' first point of error.

Appellants' second and third points of error are briefed together and are to the

effect that the trial court erred in entering judgment in favor of the defendants as if there had been a trial upon the merits. Upon sustaining such exceptions, and the appellants declining to further amend, the court dismissed the suit on the ground that plaintiffs' second amended original petition was legally insufficient. The court went further, however, and ordered "that Plaintiffs take nothing by their said pleading, and as to the Plaintiffs' cause of action all Defendants will go hence without day and recover their costs of the Plaintiffs."

■ On sustaining special exceptions to a pleading the court should merely dismiss the suit. See 33 Tex.Jur., Pleading, Sec. 155, p. 598, in which it is stated with reference to a judgment of dismissal sustaining special exceptions or a demurrer, "The judgment should not read as if there had been a trial upon the merits; hence it should not provide that plaintiff go hence without day, as this implies that a trial has been had upon the merits." See Jewell v. Hart, Tex.Civ.App., 244 S.W. 827. See also Strictland v. Higginbotham Bros. & Co., Tex.Civ.App., 220 S.W. 433, 436, error dismissed, wherein the court stated:

"The case having been disposed of on the exceptions, appellant refusing to amend, the judgment entered should have been a dismissal of the case rather than that as entered that appellee go hence without day. The form of judgment as entered implies that the case was tried on its merits. The judgment is here reformed so as to show that appellant's cause of action was dismissed. The costs are taxed against appellant."

See also Murray v. Harris, Tex.Civ.App., 208 S.W.2d 626 (no writ history).

We, therefore, sustain appellants' second and third points of error to the effect that the court erred in rendering a "take nothing" judgment in addition to dismissing appellants' cause of action.

Appellants' fourth point of error is to the effect that the trial court erred in holding that the exclusive sales contract in controversy is void and unenforceable. Such contract consists of a printed card with certain blanks filled in with pen or pencil. It will be noted that in the first few lines of the contract, on the face thereof, the agreement is to list real estate "described on the reverse side of this card". On the reverse side of the card under the printed words "Vacant Lots, Acreage, Location" appears, written in pen or pencil, "East end of Crenshaw road—110 acres."

■ It will readily be seen that the description on the reverse side of the card is wholly inadequate and meaningless. Under the signatures on the face of the card is written the following:

"100 acres—NW ¼ Section of Survey # 7—Landscrip 132— to WCRR—Vol 326—Page 347—Deeds & Records

10 acres xxxx NW ¼ of NW ¼ of SW ¼ of WCRR—Co. Survey # 7—Block 7—xxx Abst 894"

---

Nowhere on the face or reverse side of the instrument is it shown in what state, county, or city the land is located. The card is dated January 17, 1955, but it does not show the city or state where it was signed. Nowhere in the instrument do the supposed owners, Norman H. Zorn and H. J. Head, state that it is their property.

There is no name given the property by which it might be known to persons in the locality thereof. In this respect, the instant case is different from most of the cases cited by appellants in which some reference is given by which the land might be identified. For instance, in the case of Morrison v. Dailey, Tex.Sup., 6 S.W. 426,

427, we find a contract for the sale of land evidenced by the following memorandum in writing:

"Lancaster, June 28, 1887. Received from H. Morrison forty dollars on my place, known as the 'James Perry Tract of Land,' which tract I have sold to him for forty-five hundred dollars, part cash, and the balance to bear interest at ten per cent. per annum until paid. [Signed] Mrs. N. B. Dailey."

Here the place and the date are given. The person signing the memorandum refers to the land as "my place" known as the "James Perry Tract of Land."

In the case of Cunyus v. Hooks Lumber Co., 20 Tex.Civ.App. 290, 48 S.W. 1106, we find a reference to the tract of land known as "Vanmeter Survey." The names of the town and state are also given in the memorandum. See also Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222, in which the court held that an otherwise insufficient description was made sufficient by the use of the words "my property".

In the present case, however, the description would not be sufficient even if the words "my or our property" were used, since there is nothing whatever to designate the state, county, or city in which, or near which, the land is situated. It will be noted that on the reverse side of the sales contract reference is made to 110 acres. On the face of the instrument, which we shall also consider, although reference in the instrument is made only to the land described on the reverse side of the card, there are listed two tracts, one for 100 acres and one for 10 acres, but no description is given by which either may be identified. "NW ¼ Section of Survey No. 7—Landscrip 132—to WCRR" might be anywhere. No reference is given on the card to any record or other instrument that might identify its location. The only description of the 10 acres is that it is the NW ¼ of the NW ¼ of the SW ¼ of the WCRR Survey No. 7, Block 7, Abst. 894.

Abstract 894 might be in any one of a number of counties in the State of Texas, and so also might "WCRR—Co. Survey No. 7—Block 7." The reference in connection with the 100 acres to "Vol. 326—Page 347—Deeds & Records" is meaningless even if we assume that "Deeds & Records" was intended to be "Deed Records", since no county is designated.

Appellants contend that although the description fails to state in what city, county, or state the land is located, a reference to a State Land Office, to any abstract company, or to the deed records of Harris County, Texas, would clearly have indicated that Survey No. 7 is located in Harris County, Texas, and is the only such survey located in Harris County, and that therefore Vol. 326, page 347, Deeds & Records, and Abstract 894, would refer to the Deed Records of Harris County, Texas.

■ Such references and inferences, however, cannot be made in an effort to identify or locate the property in question because the sales agreement in controversy does not within itself or by reference to any other writing contain any key, data or means which might be looked to as a basis for drawing such inferences or making such references or for identifying with reasonable certainty the land to be conveyed.

In the case of Tidwell v. Cheshier, Tex. Sup., 265 S.W.2d 568, 569, the contract covering the land read as follows:

" * * * the following described property lying and situated in the County of Ellis, State of Texas, being approximately 154.63 acres of land in Ellis County, Texas, in two tracts, being out of the Benjamin Monroe Survey, W. J. Ely Survey, F. E. Witherspoon Survey."

The Supreme Court stated that it is well settled that such description is insufficient to identify the land. The Court said:

"Section 22 of Article 6573a, the Real Estate Dealers License Act, was enacted by the Legislature in substantially the same wording as Article 3995, Vernon's Annotated Civil Statutes, the Statute of Frauds. The same test should be applied in determining the sufficiency of a description of land in a contract or other memorandum in writing executed between a real estate dealer and a seller or owner pursuant to the provisions of Article 6573a, § 22, supra, as that required to show a compliance with the Statute of Conveyances and the Statute of Frauds. The test announced in the above cited cases has not been met in the present case."

In the case of Rowson v. Rowson, 154 Tex. 216, 275 S.W.2d 468, 470, the Court very clearly laid down the rule by which to determine the sufficiency of a writing under the Statute of Frauds in the following language:

"But the rule of law is equally clear that resort may not be had to extrinsic evidence to supply the description or location of land required by the Statute of Frauds to be contained in the writing. O'Herin v. Neal, Tex.Civ.App., 56 S.W.2d 1105, writ refused. * * *.

"What the contract itself must contain to be enforceable is thus stated in Wilson v. Fisher [144 Tex. 53, 188 S.W.2d 150]: '* * * the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty.' This test has become the standard by which this Court measures the sufficiency of a writing. Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222, 224; Broaddus v. Grout, 152 Tex. 398, 258 S.W.2d 308, 309." See Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150.

Since it is clear that the description in the present case does not meet the requirements of the rule announced by the Supreme Court, appellants' fourth point of error is overruled.

█ Appellants' fifth point of error is in effect that the Court erred in granting the summary judgment in favor of appellees Zorn and Head against appellee, Stewart Title Company. This point of error is also overruled. The judgment of the court sustaining the special exceptions and dismissing appellants' suit was a final judgment disposing of the case. Since appellants declined to amend and their cause of action was finally disposed of, it was proper for the court to determine the issues raised in the motion filed by appellees Zorn and Head asking for a summary judgment against Stewart Title Company, and to decree that said Stewart Title Company as stakeholder pay the amount held by it, to wit: $4,038.30, to the defendants, Norman H. Zorn and H. J. Head, and their attorney of record, William N. Bonner, in full and final disposition of its duties as defendant and interpleader in this cause.

We are of the opinion that there is no reversible error in the judgment of the trial court. The form of judgment, however, as entered, implies that the case was tried on its merits. The judgment is here reformed so as to eliminate therefrom that part of the judgment, reading, "plaintiffs take nothing by their said pleading, and as to the plaintiffs' cause of action all defendants will go hence without day." Costs are taxed against appellants. See Strictland v. Higginbotham Bros. & Co., supra; Murray v. Harris, supra; Pickens v. Harrison, 151 Tex. 562, 252 S.W.2d 575; Ingram v. Ingram, Tex.Civ.App., 249 S.W.2d 86, no writ history.

The judgment is reformed accordingly, and, as reformed, it is affirmed.

BELL, C. J., not sitting.